McKinney, J.
delivered the opinion of the court.
The material facts of this case are as follows: On the 26th day of February, 1845, the defendant McConnell, executed a note, under seal, for sixty dollars, payable to John M. Canseler and three others. On the 10th day of August, 1846, suit was brought on said note in the names of the payees, for the use of Bennet Boyd, the plaintiff in error, before S. Lummy, a justice of the peace, of Polk county, who rendered judgment thereon, in favor of the plaintiff for the balance remaining unpaid, being forty-three dollars and twenty cents, according to the justice’s understanding of the correct dfite of said note..
It appears that Boyd was present at the trial before the justice, but the defendant was not, being hindered from attending by reason of sickness in his family.
The case was removed into the circuit court by certio-rari; and there the defendant, McConnell, filed a special plea of non est factum, alledging ,in substance, that, after the execution of said note, and before the rendition of judgment thereon by said justice of the peace, the date thereof had been alterfed from 1845 to 1S44, and that *70 such alteration was without his knowledge or consent; and that he never re-acknowledged or re-delivered the same, &c.; upon which plea, issue was taken, and on the trial a verdict was found in favor of the plea; and, a new trial being refused, the plaintiff prosecuted an appeal in error, to this court,
From the bill of exceptions it appears, that the date of said note was altered by the justice on the trial of the case before him, and that such alteration was made in good faith, without any fraudulent or wrongful intent.
On his examination before the jury, on the trial in the circuit court, said justice stated that on proceeding to count the interest due upon said note, he found that “the last figure of the date was very dim, he thought it was dated in 1844,” “ and took a pen and made it a plain 4,” what he thought the original figure was; that Boyd was present, at the time; but witness made the alteration “ of his own accord, and Boyd did not participate in it, in any way.” In doing so, witness believed he was making no alteration of the note; that the paper was old and much worn, particularly at the edges.
His Honor, the circuit judge, instructed the jury, upon the foregoing facts, that if they believed from the evidence that the note sued on, had been altered in the date, from 1845 to 1844, it would be a material alteration; and if' the plaintiff claimed a benefit, as altered, it would be a prejudice to the defendant’s rights, and would render the obligation inoperative in point of law, whether the alteration was made by the party in interest or by a stranger without the consent of the defendant.
We think his Honor erred in the foregoing instructions. It seems that the rule as laid down in the old cases, *71 that an alteration of a deed by a stranger, in a material point avoids the deed has been overruled.
According to the modern authorities, the alteration of a writing in such case, is treated as a mere spoliation, or mutilation of the instrument, and if done without the participation of the party interested, does not change the legal operation of the instrument, so long as it remains legible. And if the instrument is defaced, so that its identity is gone, the law regards the act, so far as the rights of the parties to the instrument are concerned, merely as the destruction of primary evidence, compelling a resort to that which is secondary. 1 Greenleaf’s Ev. sec. 566, and note 1; 6 East 309. In the latter case, an umpire, after the signing and delivery of an award, altered it by inserting a larger sum than was originally awarded. And Lord Ellenborough held, that the alteration was no more than a mere spoliation by a stranger, which would not vacate the award. He said, “I will read it with the eyes of the law, as if it were an award for fifty-seven pounds; such as it originally was.”
Where the seals to an agreement were torn off by one with whom it had been left for safe keeping, it was held that the deed was not affected thereby; and that an action of covenant would still lie upon it. 6 Cow. 746; 1 Gall. 69; 2 Mason 478. In the latter case, the old doctrine, that every material alteration of a deed, by a stranger, without the privity of the party, avoided the deed, is condemned by Mr. Justice Story, as repugnant to common sense and justice, as inflicting on an innocent party all the losses occasioned by mistake, by accident or by the wrongful acts of third persons.
These authorities are decisive of the case under consideration. It likewise falls within another principles, *72 namely, that the loss or destruction of a deed after proferí in court, or in custody of the court, shall not be allowed to prejudice or defeat the rights of the parties. 4 East 587. Here the instrument was in the custody of the justice, for the purpose of a trial to be had thereon. The alteration was made by him innocently, without the participation of the plaintiff, and under an honest, though mistaken belief, that, so far from altering, he was only making more plain and legible, the original and true date of the note. An .alteration, under such circumstances, ought not, and will not be permitted to prejudice the plaintiff’s right. .He will be allowed to show the true date, and to recover accordingly, as if no such alteration had been made.
Judgment reversed, and case remanded for a new trial.