## BARKER *v.* BRINK.

Payment implies an acceptance and appropriation of that which is offered by one party to the other, whilst tender is the act of the one party, in offering that which he admits to be due and owing, but which is not accepted by the creditor.

Tender does not discharge or satisfy the debt.   Payment does.

Tender must be pleaded specially, and such plea must not only aver the offer to pay, but show a continued readiness to keep good the tender made.

Where in an action commenced before a justice of the peace, on a promissory note, payable "in stock, to be delivered at the residence of the payee, in Hale township, on the first day of November next; the stock to be taken at the appraisement of two disinterested persons," the defendant pleaded payment; and where on appeal to, and trial in, the district court, the jury returned a verdict as follows:   "We, the jury, do agree that there was a lawful tender made of the stock by the defendant, to C., (a former holder of the note, who had re-assigned the note to the payee,) as the said C. did not object to the appraisement of said stock," which verdict the court reduced to form as a verdict for defendant, and rendered judgment thereon in his favor; *Held*, That the jury had no right to find as they did; and the court could not reduce the verdict to form, and render judgment against the defendant.

*Appeal from the Jones District Court.*

MONDAY, JANUARY 25, 1858.

The plaintiff instituted his suit before a justice of the peace, to recover the amount of a promissory note, dated June 14th, and due November 1st, 1852. This note was, by its terms, to be paid "in stock, to be delivered at my residence, in Hale township, on the first day of November next—the stock to be taken at the appraisement of two disinterested persons." The note was assigned to one Chaplin, before maturity, and by him re-assigned to plaintiff, on the 4th of November, 1852. Before the justice, (as is shown from the transcript), the parties appeared, "and defendant pleads payment on the note, as presented in the petition." Plaintiff recovered judgment for the full amount of the note, before the justice, and defendant appealed to the district court. In that court, the jury returned the following verdict: "We, the jury, do agree that there was a lawful tender made of the stock by J. S. Brink, to Albert Chaplin, as the said Chaplin did not object to the appraisement of said stock;" and thereupon the court reduced said verdict to form, as a verdict for the defendant. Motions in arrest, and to set aside the verdict and grant a new trial, were made by plaintiff, assigning, among other causes, the action of the court in receiving and rendering judgment on the verdict, which were overruled, and plaintiff appeals.

*Clarke & Henley,* for the appellant.

There is a wide distinction between a plea of payment, and one of tender. Payment implies an act of both parties to the contract—a tender on the part of one, and an acceptance of the thing tendered by the other. The plea of tender, only shows that one party acted; or, if the other acted at all, that he acted negatively; or, in other words, the plea implies that the other party refused the

thing tendered. Yet the judge virtually tells the jury, that the two pleas mean the same thing. He might as well, and as legally have said, that a plea of accord and satisfaction meant, and was, the same thing as a plea of payment.

The defence attempted to be set up, should have been pleaded as a tender, and if sustained by proof, would have been a bar to the action. And, in such a plea, what would the party have been required to allege? 1. That he had no notice of the assignment of the note; 2. That he was ready at the time and place mentioned in the contract, at the convenient hour, and that the plaintiff was not there to receive the property; 3. That he is still ready and willing to deliver the property, on payment of his reasonable expenses, &c. Code, 151. There is no difference between a plea of tender of money, and a plea of tender of personal property, except that in the latter, the party need not make a *profert*, if it consists of cumbrous articles. The following authorities, will be found to sustain these views: Code, 151; *Avery* v. *Stewart*, 2 Conn., 69; *Robbins* v. *Luce*, 4 Mass., 474; *Carley* v. *Vance*, 17 Mass., 388; *Slingerland* v. *Morse*, 8 Johns., 473; *Lamb* v. *Lathrop*, 13 Wend., 95; 2 Kent Com., 508. All these authorities show, that the tender must be fully pleaded; and the court must be able to say, that the facts set out in the plea, if sustained by proof, constitute a bar.

WRIGHT, C. J.—We think this judgment must be reversed. Before the justice, the defendant relied alone upon the fact, that he had paid the note. In the district court, there was no further pleadings, nor was any other issue made. The jury, however, returned what is styled a special verdict, in which they find that there was a tender of the stock. We do not stop to inquire whether such finding is sufficient to justify a judgment for defendant, if there had been an answer setting up the tender. This may well be doubted. But when we look at the state of the pleadings, all doubt is removed. We would not hold,

and never have held, parties to strict rules of pleading before a justice; but, in this case, the difference between the defence of payment, and that of tender, is too broad and clear to be overlooked. Payment implies an acceptance and appropriation of that which is offered by one party to the other; whereas, tender is the act of one party, in offering that which he admits to be due and owing, but which is not accepted by the creditor. The tender does not discharge or satisfy the debt, whilst payment does. Tender must be plead specially, and such plea must not only aver the offer to pay, but show a continued readiness to keep good the tender made.

In this case, defendant relied upon his averment that he had paid the note, but nowhere does it appear from the pleadings, that before the justice, or in the district court, he relied upon a tender of the stock therein mentioned. Under such circumstances, the jury had no right to find as they did, and the court could not reduce such irregular and unwarranted verdict to form, and render judgment thereon for defendant. Without giving other reasons for this conclusion, we think the case must be reversed and remanded.

Judgment reversed.