GUENGERICH V. SMITH.

36 587
104 553

1. **Assault and battery:** PUNITIVE DAMAGES. In a civil action for assault and battery, punitive damages may be allowed.

2. **Tender:** OF LESS AMOUNT THAN DUE. Under our statute a tender of a less amount than due is sufficient to discharge the debtor from costs and interest unless objection is made to the amount. But it does not preclude plaintiff from recovering whatever sum may be found due him.

*Appeals from Washington District Court.*

MONDAY, JUNE 16.

ACTION for assault and battery. The defendant pleaded a tender of $10. The court, in substance, charged—1. "That the jury were at liberty to give punitive damages. 2. That if a tender of $10 was made by defendant to plaintiff, and plaintiff refused without specifying how much he required, he might, nevertheless, recover more if the evidence showed him entitled to more."

Verdict and judgment for plaintiff for $400. Defendant appeals.

The only errors assigned are those respecting the giving of the above instruction.

*Patterson & Rheinhart* for the appellant.

*McJunkin & Henderson* for the appellee.

DAY, J. — I. It is claimed that the court erred in instructing the jury, that they were at liberty to give punitive damages, because the act complained of being a crime, the defendant would thus be liable to be twice punished for the same offense.

This question is not now an open one in this State. The whole subject was fully considered in *Hendrickson* v. *Kingsbury*, 21 Iowa, 379, in which case the authorities now cited by appellant, and many others, were reviewed. In that case it

was held proper to instruct the jury that they might, in addition to compensation for the injury done, award such damages as would "inflict some punishment upon the defendant for his wrongful act."

And it was held not error to refuse to instruct that, "In a case of assault and battery, the law provides for the punishment of the offender by a criminal prosecution against him; and in a civil suit against him by the party injured, the jury are not to give a verdict against the defendant for the purpose of punishing him." This case is decisive of the question now presented.

II. Upon the part of appellee it is insisted that the provisions of the law respecting tender do not apply to this case, which is an action for unliquidated damages; whilst the appellant claims that these provisions do apply, and that, under section 1818 of the Revision, the tender of a sum of money, though less than the amount due, constitutes a good tender, unless the person to whom it is made objects to the amount. That the tender of less than the amount due constitutes a good tender, and is sufficient to stop interest and costs, unless objection at the time is made to the amount, was recognized in *Hayward* v. *Munger*, 14 Iowa, 517, as the rule of law under chapter 74 of the Revision.

Whether a tender may be made in a case such as this, we deem it unnecessary to determine, for we are of opinion that in case it may, the instruction complained of is correct.

All that can be claimed in this case is that a good tender was made. A tender does not satisfy the demand. If sufficient and kept good, it stops interest and costs. *Johnson* v. *Triggs*, 4 G. Greene, 97; *Barker* v. *Brink*, 5 Iowa, 481. At common law the party tendering must, at his peril, tender the amount due. 2 Parson's on Notes and Bills, page 621, and cases cited. Having made a tender of the exact amount due, which is refused, he still remains liable to an action, all the expense of which he must bear, except the costs if the plaintiff does not recover more than was tendered. Under our statute a tender of less than the sum due is a sufficient tender, unless

objection is made to the amount. But we know of no reason why the party tendering is not in precisely the same position as one who at common law had tendered the exact sum due; that is, discharged from interest and costs, and in every other respect liable. In one case the tender is good because the exact amount due has been offered. In the other case the tender is good because no objection is made to the amount offered. In the former case the only effect of the tender is to release the debtor from interest and costs. Upon what principle can more be claimed in the latter case? In *Hayward* v. *Munger*, 14 Iowa, 517, a doubt was suggested whether a party who fails to object to the amount tendered is not precluded from afterward recovering more. But the question was not decided. We now hold that such tender discharges the debtor from costs and interest, and leaves him liable for whatever sum the plaintiff may prove due him.

Affirmed.