Sheriff v. Hull.

---

## SHERIFF v. HULL.

1. **Deposition:** SUPPRESSION OF. If it is shown that one of the parties to the action was present in the absence of the other, at the time the deposition of a witness was taken on interrogatories under a dedimus, it will, on motion therefor, be suppressed.

2. —— That the commission was directed " to any notary public in and for Davidson county in the State of Tennessee " is not a sufficient ground for the suppression of the disposition. Under section 4069 of the Revision such direction is sufficiently specific.

3. **Tender:** OF LESS AMOUNT THAN DUE. A tender of a less amount than due, if not then objected to, relieves the debtor from liability for further interest or costs; but it does not prevent the plaintiff from recovering whatever principal sum may be found due.

4. **False representation:** MUST BE SUBSTANTIALLY UNTRUE. In an action for false representations, to entitle plaintiff to recover, it must be shown that there was not merely a technical error of statement, but a substantial misrepresentation.

5. **Tender:** EFFECT OF. A tender admits that the amount tendered is due, and the plaintiff should have judgment therefor; but, if instead the court, in connection with the judgment on the verdict, orders that the amount tendered and deposited in court be paid over to the plaintiff, it is sufficient.

*Appeal from Wright District Court.*

WEDNESDAY, OCTOBER 18.

THE petition contains four counts. The first and third counts are upon covenants of warranty in two deeds, and the breach assigned in each is delinquent taxes, paid by plaintiff; the second count is for fraudulent representation of the existence of a water power on land sold by defendant to plaintiff; and the fourth is for fraudulent representations as to title in defendant, to land sold and conveyed by quit-claim deed by defendant to plaintiff. The answer admitted the breaches assigned and averred tender of amount of taxes paid before suit brought, and that the money is in court; and denies the fraudulent representations as alleged. On a trial to a jury there was a verdict and judgment for defendant. The plaintiff appeals.

*Miracle & Kamrar* for the appellant.

*Clark & Moulton* for the appellee.

COLE, J. — I. The first question presented arises upon the ruling of the court suppressing certain depositions taken by the plaintiff on dedimus or commission, with interrogatories annexed. The evidence on the question shows that the plaintiff was present during the taking of the depositions and as to one or more of the witnesses was active and put questions; and that the defendant was not present.

1. DEPOSITION.

Our statute enacts (Revision, § 4082): "Where a deposition is taken upon interrogatories, neither party, nor his agent or attorney, shall be present at the examination of a witness, unless both parties are present, or represented by an agent or attorney, and the certificate shall state such fact, if party or agent is present." *Nutter* v. *Ricketts*, 6 Iowa, 92, arose and

was decided before this statute was enacted, and hence is no authority for construing the statute. It is clear in this case, that the above section was violated. The objection to the deposition was, therefore, well taken. It was not necessary for the objector to show prejudice also ; this the law presumes from its violation. If the appellant had shown affirmatively that there was no prejudice in any possible manner or degree, we will not now say or decide, that the objection might not have been properly overruled. But in the absence of such affirmative showing, as in this case, the ruling of the court was clearly right.

II. The defendant, after proper notice, etc., obtained a commission to take the deposition of a witness, and it was directed to "any notary public in and for Davidson county in the State of Tennessee." The deposition was taken and returned by W. A. Wilkeson, a notary public for said county and State. The plaintiff moved to suppress the deposition because no notice was ever served of the suing out of a commission to take said deposition before said Wilkeson, nor was a commission issued to him to take it. This motion was overruled, and thereon the plaintiff assigns the second error.

The decision of the court is abundantly sustained by the statute (Revision, § 4069), which authorizes commissions to be issued to clerks, judges, notaries, etc., "either by the name of office of such officer, or by his individual name and official style, * * * and the name of the State and county," etc., and is also sustained, in effect, by *Lyon* v. *Barrows*, 13 Iowa, 428, and *Levally* v. *Harmon's adm'r*, 20 id. 533.

III. The court, on request of defendant, instructed the jury, in substance, that if they found the defendant tendered to 3. TENDER.    plaintiff a sum of money in payment of the taxes, and plaintiff made then no objection to the amount so tendered, he cannot now object that the sum was insufficient. This is, in effect, our statute. Rev., § 1818. Besides, we have held that a tender of less than the amount due, when no objection is made to the amount tendered, relieves the debtor from liability for interest and costs. *Hayward* v.

*Munger*, 14 Iowa, 516. And such a tender does not prevent the plaintiff from recovering more than the amount tendered. *Guenerich* v. *Smith*, 36 Iowa, 587. In connection with this instruction, the court also instructed the jury, in the tenth of the series, in substance, that in order to defeat the plaintiff's right of action, they must find that the defendant tendered to plaintiff "the amount paid to remove such incumbrances with legal interest, before the commencement of this suit, and that the tender was refused." The plaintiff has no cause for complaint respecting the instructions on the subject of tender.

The plaintiff asked an instruction that the jury should consider the price paid, in determining whether there were false representations. This was refused, but the eighteenth, given, directed them to take the price into consideration to explain the transaction and show the real facts touching the sale. There was no substantial error or prejudice to plaintiff in this.

IV. The plaintiff, in his petition, claimed to recover for false representations by defendant as to her ownership of lots

4. FALSE REPRE-SENTATIONS. embraced in a paper town, surveyed and platted on the tract of land sold and conveyed by quit-claim by defendant to the plaintiff. The town contained one thousand and ninety-two lots, and the alleged false representation was in saying that she owned all except a few lots; whereas, as averred by plaintiff, she had conveyed many—nearly one-half. On this subject the court instructed the jury that if the representations were substantially true, defendant was not liable; but if she had sold many more lots than she represented, so that plaintiff did not get what he purchased and paid for, she was liable. This is now complained of as sanctioning a little fraud, and allowing plaintiff to recover only if he has shown himself outrageously defrauded. Not so. It only allows the jury a discretion in approximating that which the plaintiff himself states as indefinite. The defendant in such an action is not to be made liable for a mere technical or colorable error, but only for a material or substantial misrepresentation, and

this is the meaning of the whole instruction, when fairly construed.

V. The jury returned a verdict for defendant. It is now claimed that this was error, for that the defendant pleaded a

5. TENDER: effect of.   tender, and the plaintiff was therefore entitled to a verdict for the amount tendered, since the tender was an admission that the sum tendered was due to plaintiff. This is true. *Johnson* v. *Griggs*, 4 G. Greene, 97; *Barker* v. *Brink*, 5 Iowa, 481; *Brayton* v. *County of Delaware*, 16 id. 44; *Fisher* v. *Moore*, 19 id. 84; *Phelps* v. *Kathron*, 30 id. 231, and other cases. But this error was cured in this case by the judgment of the court, which ordered the amount tendered, and which had been paid into court, to be paid over by the clerk to the plaintiff or his order. This the court had a right to do, under Revision, section 3138. The error, therefore, was without prejudice to plaintiff, and cannot avail to reverse the judgment. *Latterrett* v. *Cook*, 1 Iowa, 1, and cases cited.

Affirmed.