[No. 9636.    In Bank.—May 28, 1885.]

## THE OAKLAND BANK OF SAVINGS, APPELLANT, *v.* JOHN APPLEGARTH, RESPONDENT.

**TENDER—INSUFFICIENT AMOUNT.**— A tender is not invalidated by insufficiency in the amount tendered, if no objection be made at the time as to the amount.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

Action to foreclose a mortgage. The facts are stated in the opinion of the court.

*J. K. Law,* for Appellant.

*W. S. Goodfellow,* and *E. Jackman,* for Respondent.

ROSS, J.— Certain costs of suits, counsel fees, and taxes are matters in dispute on this appeal. The action was brought to foreclose a certain mortgage given by defendant to secure a promissory note executed by him to the plaintiff. The note

and mortgage being overdue were sent by plaintiff to an attorney at Merced for purposes of foreclosure, and the evidence indicates a sort of race between the attorney and the derelict debtor as to which of two events should first take place, a tender of the money by the debtor, or the institution of the suit by the attorney. The court below found that the tender was first made, and we are not prepared to say from the record that its conclusion in that behalf was incorrect. The court further found that the amount tendered by the defendant was $6,344.55, whereas the amount that was really then due from him was $6,383.29, so that the full amount due was not tendered. But the court found also "that plaintiff did not make or specify any objection to said sum of $6,344.55, or to the amount thereof, nor did plaintiff specify any other as the amount which it required, but then and there refused, and ever since has refused, to accept from defendant said sum, or any part thereof; that defendant has at all times been ready and willing to pay to plaintiff said sum of $6,344.55, and did at the time of filing his answer herein bring into court and deposit therein, for the plaintiff, the said sum of $6,344.55, so tendered to plaintiff as aforesaid."

The court below further found "that prior to said 1st day of September, 1882 (the date of the tender), the value of said mortgage was assessed to plaintiff in the county of Merced, for State and county taxes for the fiscal year ending June 30, 1882, but said 1st day of September, 1882, was before the tax levy of said fiscal year; that the amount of such levy, in respect to said mortgage assessed to plaintiff as aforesaid, computed according to the tax levy for the preceding year, was the sum of $113.60, and that defendant was, on said 1st day of September, 1882, entitled to retain and deduct from the amount due on the face of said note and mortgage the said sum of $113.60, upon satisfying the mortgage. The court therefore finds that the sum of $6,344.55 tendered by defendant to plaintiff on the 1st day of September, 1881, was more than plaintiff was entitled to recover upon said note and mortgage on said day."

This view of the court below was based upon that provision of section 3627 of the Political Code, wherein it is declared that the taxes therein referred to "shall be a lien upon the property and security, and may be paid by either party to such security ;

if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured. If the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and, to the extent of such payment, a full discharge. If any such security or indebtedness shall be paid by any such debtor or debtors after assessment and before the tax levy, the amount of such levy may likewise be retained by such debtor or debtors, and shall be computed according to the tax levy for the preceding year."

In so far as the question of costs and counsel fees is concerned, it is not necessary to determine whether or not the views of the court below, in the respect last indicated, were correct; for, by section 2076 of the Code of Civil Procedure, it is provided that "the person to whom a tender is made must, at the time, specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards." This provision of the statute, applied to the facts stated in the finding first above set out in detail, precludes the plaintiff from now saying that because the amount tendered by defendant was $38.74 less than the amount due on the note and mortgage, the tender was not good.

But in one respect the court below was in error. In addition to the findings already noticed the court found that the State and county taxes upon the mortgage assessed to plaintiff for the fiscal year ending June 30, 1882, and amounting to $113.60, were not paid by plaintiff, but became and were, prior to February 2, 1883, a lien upon the property of defendant in the mortgage described; and on the 12th day of February, 1883, the defendant paid the said taxes, with costs and charges thereon, amounting, in the aggregate, to $121.36. The court further found "that the said sum of $6,344.55, deposited in court by defendant as aforesaid, was assessed for taxes to the county treasurer of Merced County for the fiscal year ending June 30, 1883, and that the taxes thereon, amounting to the sum of $126.89, were, on the 31st day of March, 1883, paid under the

direction of the court by said county treasurer out of said sum of $6,344.55." The effect of the action of the court below was to make the plaintiff pay the taxes upon the mortgage, and also upon the money. This was erroneous. It was rightly held that plaintiff should not recover costs of suit or counsel fees, and should be charged with the amount of the taxes upon the mortgage, paid by defendant, but should not be charged with the taxes upon the money. Defendant is entitled to his costs of suit.

Cause remanded, with direction to the court below to modify the judgment so as to accord with these views. Motion to dismiss appeal will stand denied.

MORRISON, C. J., MYRICK, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

On the 17th of June, 1885, the following modification was made: —

The COURT.— It appearing to our satisfaction that the assessments upon the mortgage, and the money deposited for its satisfaction in the county treasurer's office, were not for one and the same year, but for different years, the judgment of this court is hereby modified by striking out so much of it as directs a modification of the judgment of the court below; and said last named judgment is affirmed.