## HERBERGER v. HUSMANN.*

### No. 14,012; November 7, 1890.

24 Pac. 1058.

Vendor and Vendee—Disaffirmance by Vendee.—Where a contract for the sale of land provides that the vendee may disaffirm the sale at the end of a year, in which event he is to be repaid his purchase money, with ten per cent interest, on giving thirty days' notice of his intention to disaffirm, the vendor cannot complain that the vendee gave more than thirty days' notice of his intention, as this is to the vendor's advantage.

Vendor and Vendee—Disaffirmance by Vendee.—A further provision in the contract of sale that on its disaffirmance the vendee

*For subsequent opinion in bank, see 90 Cal. 583, 24 Pac. 1058.

should surrender the title acquired by him thereunder is sufficiently complied with by an offer, in the notice of disaffirmance, to surrender his claim tò the land on the repayment to him of the purchase money; and, on the vendor's refusal to make such repayment, the vendee may maintain an action therefor without tendering a release of his rights under the contract, Code of Civil Procedure, section 2074, providing that an offer in writing to deliver a written instrument is, if not accepted, equivalent to a tender of the instrument.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

R. L. Horton for appellant; Allen & Miller for respondent.

WORKS, J.—The parties to this action entered into a contract for the sale by the appellant to the respondent of certain real estate, $1,500 of the purchase money to be paid at the time the contract was executed, and $1,000, the balance of the purchase money, at the end of one year, at which. time a deed for the property was to be executed. The contract was in the usual form of such agreements, except that it contained this clause: "And it is further agreed by and between the parties hereto that, should the party of the second part become dissatisfied with the purchase of said lots at the end of one year from date hereof, then, and in that event, should the said party of the second part so desire, the said party of the first part hereby agrees to return to said party of the second part the amount of money this day paid on said lots by the party of the second part, with interest thereon at the rate of ten per cent per annum, provided said party of the second part gives said party of the first part thirty days' notice, and a surrender to said party of the first part of the title to said lots; but, should the party of the second part not notify the party of the first part, as agreed, then this agreement to hold good." The contract stipulated that time should be the essence thereof. The contract was executed, and the $1,500 paid on the thirtieth day of November, 1887. On the twelfth day of September, 1888, the respondent served upon the appellant the following written notice: "You are hereby notified that, as per agreement in a certain article of agreement heretofore entered into by and between H. Husmann, the party of the first part, and Theobald Herberger, the party of the second part,

wherein in said agreement said H. Husmann agreed to convey to said Theobald Herberger lots 4, 5, 6, 7, and 8, in block F, of the Park tract, East Los Angeles, one year from date thereof, which said agreement was dated November 30, 1887, and recorded in Book 338, at page 292, of Deeds, Los Angeles County Records; and whereas in said agreement it was agreed by and between the parties thereto that, should the said Theobald Herberger become dissatisfied with the purchase of said lots therein mentioned, the said party of the first part, H. Husmann, therein agreed to refund to said Herberger the amount of money which said Herberger had advanced, with interest thereon at the rate of ten per cent per annum, provided said Herberger gave to said Husmann thirty days' notice: Now, therefore, this is hereby to notify you, the said H. Husmann, that I, Theobald Herberger, am dissatisfied with said purchase, and, as agreed upon in said article of agreement, request and demand that you return to me the amount of money so advanced to you, to wit: Fifteen hundred dollars, with interest thereon at the rate of ten per cent per annum, then, and thereupon, I will surrender to you the title to said lots you by your article of agreement conveyed to me.'' The appellant failed to repay the $1,500, and the respondent brought this action against him for its recovery. In addition to the facts above stated, it was alleged in the complaint: ''That after the expiration of thirty days from the giving of said notice, to wit, at the end of one year from the date of said agreement, plaintiff was dissatisfied with said purchase, and notified defendant of his dissatisfaction with said purchase, and offered to return and release all rights thereunder, and then, and at subsequent times, each more than thirty days thereafter, plaintiff demanded of defendant a return of said $1,500, with interest, as provided in said agreement, and offered, upon receipt thereof, to surrender to defendant all title to said lots, and rights conveyed to plaintiff therein by said agreement, and to release defendant therefrom; but defendant, in violation of said agreement with plaintiff, neglected, and still neglects, to return said $1,500, with interest as aforesaid, to plaintiff, and accept from him the said release.'' The defendant answered, admitting the execution of the contract. and the giving of the notice, but denied the allegations of

the complaint, above set out, and denied that "the plaintiff ever offered or tendered any instrument to the defendant purporting to convey title to said property, or any part thereof, or to release the defendant fom the obligation resting upon him by virtue of said contract of sale, except on the twelfth day of September, 1888." The defendant also filed a counterclaim, the specific performance of the contract, to which the plaintiff answered by alleging the facts set up in his complaint. The court found the facts substantially as alleged in the complaint, and, in addition, that the defendant had consented to a rescission of the contract and promised and agreed to repay the $1,500, and interest. Judgment was rendered for the plaintiff for the amount claimed by him. A new trial was denied, and the defendant appeals.

The appellant contends that the notice of the election of the respondent to rescind the contract, and his demand for the repayment of the amount paid by him, was not effective because it was, as he claims, prematurely given. The point made is that the notice must, by the terms of the contract, have been given at the end of the year, and could not properly be given before that time. We do not so understand the agreement. The appellant was entitled to thirty days' notice of the respondent's election not to complete the purchase, and this notice must necessarily have been given at least thirty days before the expiration of the year, at which time the respondent was entitled to a return of his money. The notice was given more than thirty days before the end of the year, but the appellant certainly has no reason to complain of this fact. It was to his advantage that more time than the agreement required was given him within which to raise the money, if necessary, to meet his obligation to repay the $1,500.

Again, it is contended that the respondent failed to make out his case because it was not shown that he, at any time, tendered a reconveyance of the title to the appellant, or offered to do any act that would relieve the latter from the effect of the contract, upon his title, or to place him in statu quo. No conveyance of the property by the respondent to the appellant was necessary, because the title had never passed to the respondent. There was an agreement

to convey to him, and nothing more. It would probably have been sufficient for him to deliver up his contract, or, if recorded, to give, in addition, a release of his claims under it, but it is unnecessary to determine what act was necessary on his part to put the appellant in statu quo. This case is fairly within section 2074 of the Code of Civil Procedure. Under that section, the offer to surrender up the title to the property was equivalent to an actual tender of an instrument which would have had that effect. If the appellant had any objection to the tender, it was his duty to make it known: Code Civ. Proc., sec. 2076; Ward v. Flood, 48 Cal. 46, 17 Am. Rep. 405; Oakland Bank v. Applegarth, 67 Cal. 86, 7 Pac. 139, 476. No such objection was made. On the contrary, the evidence tends strongly to show, and the court below found, that the appellant consented to the rescission. A demand was made upon him for the money at the end of the year, and afterward, when he stated, according to the testimony of some of the witnesses, that a certain party, referred to by him, had promised to and would raise the money for him. Of course, if the appellant had been in a condition to pay the money, and was willing to do so, he could, as a condition of such payment, have required the respondent to place him in statu quo by such a conveyance or surrender of his rights as were necessary for that purpose. Not having done so, the written offer was sufficient as a basis for this action. It is perfectly evident, from the reading of the evidence, that the only reason that the appellant had for not complying with his contract was that he was unable to raise the funds necessary to meet his obligation. The evidence sustains the findings, and the findings support the judgment. Judgment and order affirmed.

We concur: Fox, J.; Paterson, J.