FREEMAN B. HILL v. FRANK CARTER.

*Land contract—Default—Forfeiture—Tender—Estoppel—Summary proceedings—Pleading.*

1. A tender of the interest due on a land contract deprives the vendor of the right to declare a forfeiture for its non-payment, upon the same principle that a tender of the amount due upon a mortgage will operate to discharge the lien.

2. How. Stat. § 8299, which provides that, upon the return, duly served, of the summons issued in summary proceedings to recover the possession of land, the defendant may plead not guilty to the complaint, or, if he neglect or refuse to plead thereto, the officer before whom the proceedings are pending shall enter such plea for him, contemplates a plea of not guilty, simply.

3. Where summary proceedings are instituted to recover the possession of land sold upon contract because of default in the payment of interest, the maturity of which is not denied by the vendee, but he sets up a subsequent agreement, by the terms of which the work done thereunder was to be accepted in discharge of said interest, which the vendor denies, the vendee is not estopped, by making proof of a tender of said interest, from showing said agreement, and its performance.

4. It is not necessary in such a case that the amount of the tender should be brought into court.

5. It is not error to instruct the jury in such a case that, if the vendor objected to the tender as being insufficient in amount, he was bound to say so at the time, and if he did not, and refused the tender on other grounds, as that nothing was due, or that it was past due, he cannot now raise the question as to the sufficiency of the amount tendered.

Error to Allegan. (Padgham, J.) Submitted on briefs May 1, 1894. Decided June 16, 1894.

Summary proceedings to recover the possession of land. Complainant brings error. Affirmed. The facts are stated in the opinion.

*Williams, Williams & Butler*, for appellant.

*Charles R. Wilkes*, for defendant.

McGRATH, C. J.    Complaint against the vendee in a land contract to recover possession of the premises upon the claim of forfeiture by reason of non-payment of interest.    Defense: (1) An alleged agreement that certain work was to be done for complainant, and applied to the payment of the interest; and (2) two tenders made before the declaration of forfeiture, and one tender made afterwards, and before the complaint to recover possession.

The following questions were submitted to the jury, the first four of which were answered in the affirmative, and the last in the negative:

" *First.* Did Hill agree with Carter to allow the first year's interest on the contract, if Carter furnished dressed lumber and stone bearings for the barn?
" *Second.* Did Carter furnish dressed lumber and stone bearings for the barn?
" *Third.* Did Carter tender to Hill interest on the contract May 12, 1892?
" *Fourth.* Did Carter tender to Hill interest on the contract May 14, 1892, at Thew's office?
" *Fifth.* Did Carter ever refuse to pay Hill the interest?"

Appellant contends:

1. That no tender was pleaded.
2. That the tenders were not kept good by payment into court.
3. That the defenses were inconsistent.
4. That the court was in error in instructing the jury that, if Hill objected to the tender as being insufficient in amount, he was bound to say so at the time, and if he did not, and refused the tender on other grounds, as that nothing was due, or that it was past due, he cannot now raise the question as to the sufficiency of the amount tendered.

The proceeding to recover possession is based upon an alleged default and declaration of forfeiture.    If the tender

was made, it deprived complainant of the right to declare a forfeiture, upon the same principle that a tender of the amount due upon a mortgage will operate to discharge its lien. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. *Kortright v. Cady*, 21 N. Y. 366; *Tiffany v. St. John*, 65 Id. 314; *Frost v. Bank*, 70 Id. 553; *Caruthers v. Humphrey*, 12 Mich. 270; *Van Husan v. Kanouse*, 23 Id. 303; *Renard v. Clink*, 91 Id. 1.

The general rule is that all matters of defense not going to controvert the whole of plaintiff's cause of action as averred should be noticed. 1 Shinn, Pl. & Pr. § 754. The defense here went to the whole of complainant's case, and it was not necessary that notice thereof be given. Again, How. Stat. § 8299, contemplates a plea of not guilty, simply.

Nor do we think that the defendant, by making proof of tender, was estopped, under the circumstances of this case, from showing the agreement that the work done upon the barn was to be applied in payment of the interest. The complaint in this proceeding is based upon the land contract. Defendant did not deny the maturity of an installment of interest upon that instrument. He, however, set up a subsequent agreement, by the terms of which the work done was to be accepted in discharge of his obligation upon the land contract. Complainant denied that agreement. In view of the dispute, defendant sought to avoid imperiling his interest in the land by payment. A payment into court has been held to be an admission of an indebtedness, to that extent, upon the contract sued upon; but we do not understand that a tender made before suit, to protect incidents, precludes the party making the tender from asserting, after suit brought, any other existing defense.

The theory of the cases above cited is that, as to all

things which are incidental and accessorial to the debt, the tender is equivalent to payment. The court instructed the jury that if, after the tender, Hill at any time offered to take the money, and Carter refused to pay it, the latter would lose the benefit of his tender. It was not necessary that the amount of the tender should be brought into court. *Caruthers v. Humphrey, supra; Moynahan v. Moore,* 9 Mich. 9; *Allen v. Atkinson,* 21 Id. 351; *Stewart v. Brown,* 48 Id. 383.

As to the objection to the instruction of the court respecting the insufficiency in the amount tendered, the charge is fully sustained by *Allen v. Atkinson,* 21 Mich. 362; *Flanders v. Chamberlain,* 24 Id. 305.

The judgment is affirmed.

The other Justices concurred.