John McWhirter, Appellant, v. John Crawford.

**Sales on Contract:** FORFEITURE. A vendor in a contract to convey land subject to the dower interest of his wife, cannot insist upon a forfeiture for non-payment of the purchase price, where, before the date of payment, he had put it out of his power to comply on his part with the terms of the contract by conveying an undivided one-third interest in fee to his wife.

**Tender:** SPECIFIC PERFORMANCE. An offer by a purchaser in his cross-petition praying the specific performance of the contract, to pay the amount found due, is sufficient, where the vendor, at the time the tender was due, was insisting that the contract was forfeited, and had put it out of his power to perform by conveying an interest in the property to another.

**Same:** The failure of the vendor to object to the amount tendered by a purchaser at the time thereof, does not prevent him from subsequently making the objection, under Code 1873, section 2107, providing that the person to whom a tender is made must, at the time, make any objections which he may have to the money tendered or he will be deemed to have waived them, as the phrase "objection to money" refers to the character or kind of money, and not to the amount.

**Estoppels:** SALES: *Fraud.* A vendor is estopped to claim fraud in the inception of the contract where, with full knowledge of all the facts relied on to constitute the fraud, he accepted the note secured by mortgage as part of the purchase price and received the payment of interest and principal.

**Same.** A vendor's acceptance of payments on the price, long after the contract was made, and with full knowledge of all the facts, estops him from urging fraud on the vendee's part in procuring the contract.

**Costs:** ESTOPPEL. The appellee is taxable with the costs of his amendment to appellant's abstract, although the judgment is affirmed, where the abstract prepared and filed by the appellant contained everything necessary to the full understanding of the questions raised, and the amendment did not aim to correct it or made it complete, but is an independent abstract of all the evidence, about one-half being devoted to questions and answers printed in full.

**Appeal:** RELIEF. The relief granted on appeal will not be more favorable to a party who does not appeal than the judgment below.

*Appeal from Jefferson District Court.*—Hon. W. D. Tisdale, Judge.

Wednesday, October 13, 1897.

The plaintiff entered into a written contract for the sale of one hundred and forty-eight and two-thirds acres of land to the defendant at the price of twelve dollars and fifty cents per acre. The purchase price was to draw interest at the rate of six per cent. per annum, payable annually, and two-thirds of it was to be paid within five years. The remaining one-third was to be paid on the death of plaintiff's wife in the event she died before he did. Time was of the essence of the contract. The defendant having failed to pay the annual interest, this action was begun April 8, 1890, to declare a forfeiture. Thereafter the defendand filed an amendment to his cross-petition, asking that specific performance be decreed. On the same day the plaintiff amended his petition by alleging that the contract was procured through fraud, and asking its cancella-ation on that ground. Decree was entered ordering that the contract be performed, and plaintiff appeals. —*Affirmed.*

*Leggett & McKemey* for appellant.

*Raney & Simmons* for appellee.

Ladd, J.—As the contract of sale was fully ratified and confirmed after its execution, inquiry as to whether there was fraud in its inception is unnecessary. The plaintiff accepted a note of five hundred dollars, secured by mortgage, as part of the purchase price, nearly three months after the date of the contract; and payment of this note a year later. He also received the annual interest in February, 1889,

These payments were received without objection, and there is no showing that the alleged fraud was undiscovered. The plaintiff will not be permitted to avail himself of the benefits of the contract, and at the same time insist that he is not bound thereby because procured through fraud. The receipt of the payments with full knowledge of all the facts estops him from urging its invalidity.

II.  The tender of sixty-nine dollars and fifty cents in payment of the interest due February 20, 1890, is now conceded to have been insufficient in amount. The three dollars claimed on account of road tax was not chargeable to the plaintiff; and this,— without entering into the controversy with reference to the nine dollars retained on the claim that plaintiff took growing timber, instead of that upon the ground,—rendered the tender inadequate. It is not a case of mistake in computation, but the deliberate retention of a part of the payment due, on a groundless claim.

III.  The plaintiff, however, has put it beyond his power to comply on his part with the terms of the tract, and is not in a situation to insist upon a forfeiture. He executed a quit-claim deed conveying an undivided one-third of the land to his wife, November 6, 1889. By the terms of the agreement the land "is sold subject to the dower interest of Catherine M. McWhirter, and it is agreed that one-third of said purchase money shall not be due until the death of the said Catherine M. McWhirter; and in case of the death of John McWhirter, the grantor herein, prior to the death of his said wife, then she can claim one-third of the said purchase price as her one-third interest in said land, at her option." The deed to his wife places it beyond his power to give defendant title to one-third of the land in the event of her death before his demise. This was a part of the contract; and, having deprived himself of the

power to carry out its terms, he is not in a situation to complain of the breach thereof on the part of the defendant. If the wife should die first, without conveying the land, the plaintiff would inherit but one-third of the one-third in event she left children, and one-half of the one-third in event there were none. The law presumes that every person leaves heirs, until the contrary appears. In the case of any vendor conveying land there is a possibility of his again procuring title so as to be able to comply with his contract, but this does no obviate the rule that in such cases he will not be permitted to insist on strict performance of the contract by the vendee.

IV.   Is the defendant entitled to specific performance of the contract as prayed in the amendment to his petition filed January 25, 1894? He tendered seven hundred and fifty-one dollars and eight-four cents as the amount due on the contract February 4, 1890, and this was inadequate. Why he did not tender the full amount, does not clearly appear, and no excuse is offered for failing to do so. It is insisted that for this reason he is not entitled to an order of specific performance. At the time of the tender no objection was made. Under the Revision of 1860, this would prove fatal to any objection now. *Hayward v. Munger*, 14 Iowa, 516; *Guengerich v. Smith*, 36 Iowa, 587; *Sheriff v. Hull*, 37 Iowa, 174. But under the Code of 1873 this sentence contained in section 1818 of the Revision is omitted: "And if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms or kind which he requires, or be precluded from objecting afterward." The section, as it now stands, reads: "The person to whom a tender is made, must, at the time, make any objection which he may have to the money, instrument, or property tendered, or he will be deemed to have waived it." Section 2107, Code 1873. The

clause "objection to money" was construed in *Chicago & S. W. R. Co. v. Northwestern Union Packet Co.*, 38 Iowa, 377, to refer to the character or kind of money, and not to the amount. The tender must, therefore, be held insufficient upon which to base a demand for the deed.

V. The cross-petition, however, offers to pay the amount found to be due. The plaintiff was at that time insisting that the contract be forfeited; and upon its cancellation. Under such circumstances, it is not reasonable to suppose that a tender, if made, would have been of any efficacy. The law will not indulge in idle formalities. It has been repeatedly held that, where a vendor of real property has conveyed to another after entering into a contract of sale, the purchaser may maintain his action without first tendering the purchase price. *Watson v. White*, 152 Ill. Sup. 364 (38 N. E. Rep. 902; *Collins v. Vandever*, 1 Iowa, 573; *Laverty v. Hall's Adm'x*, 19 Iowa, 526; *Auxier v. Taylor*, 102 Iowa, 673. In *Sheplar v. Green*, 95 Cal. 218 (31 Pac. Rep. 42), it was held that, where the vendor brought an action to quiet title without first tendering the deed, the purchaser may maintain an action on his cross-petition for specific performance, without having previously tendered the purchase price. See Pomeroy, Specific Performance, section 361. The plaintiff, in asking that the contract be forfeited, is presumed to have done so in good faith, and, if so, a tender of the purchase price would have been useless. Every purpose was fully subserved by offering performance in the pleading. Decree will be entered ordering the plaintiff to file with the clerk of the district court a good and sufficient warranty deed conveying an undivided two-thirds of this land to the defendant within sixty days from the filing of this opinion, and that the defendant pay into the hands of such clerk, for the

use of the plaintiff, the sum of seven hundred and thirty-two dollars and twenty-two cents, with interest at the rate of six per cent. per annum from February 20, 1889, within thirty days thereafter; and, in event of his failure to do so, the contract shall stand canceled. Should plaintiff fail to deposit the deed as herein directed, then drawing of interest shall cease until thirty days after he has done so, and has notified the defendant in writing.

VI. The appellant prepared and filed an abstract of twenty-six pages, in strict accord with the rules of this court,—a model in point of brevity and conciseness, and yet containing everything essential to a full understanding of the questions raised. Thereupon, the defendant filed what he is pleased to call an "amendment to the abstract" of seventy-seven pages, but which does not aim to correct or make complete that of the appellant. It is an independent abstract of all the evidence, about one-half of which is devoted to questions and answers printed in full. There may be something in this volume necessary to be set out, but very little. Heed must be given by litigants to the rules of this court. The motion to tax the costs of the amendment to the abstract to the appellee is sustained.—Affirmed.

Supplemental Opinion on Rehearing.

Thursday, January 27, 1898.

Per Curiam.—The appellant has called our attention to the fact that by the decree of the district court the appellee was required to pay, in order to obtain a deed, the balance of the purchase price of two-thirds of the land, being seven hundred and thirty-eight dollars

and eighty-eight cents, together with the interest thereon, and on the contract price of the remaining one-third, being six hundred and nineteen dollars and forty-five cents, at the rate of six per cent. per annum, with annual rests from February 20, 1889. As the defendant did not appeal, the relief granted here will not be more favorable to him. Without inquiring what the rule would be, had the correctness of the result been questioned, the opinion heretofore filed will be so far modified as to require the defendant to pay seven hundred and thirty-eight dollars and eighty-eight cents, together with interest on one thousand three hundred and fifty-eight dollars and thirty-three cents, at the rate of six per cent. per annum, with annual rests, from February 20, 1889, instead of the amount therein named.