HERBERT F. BUNDY, APPELLANT, v. SAMUEL C. WILLS ET AL., APPELLEES.

FILED FEBRUARY 28, 1911. No. 16,313.

1. Taxation: JUDICIAL SALE: REDEMPTION. "Where a county, before an administrative sale of real estate for taxes due thereon, brings an action to foreclose the tax lien and obtains a decree under which the land is sold, the sale so made is a judicial sale, and does not become final and complete until confirmation thereof by the court. In such case the two years given the owner to redeem dates from final confirmation." *Smith v. Carnahan*, 83 Neb. 667.

2. ———: ———: ———: LIMITATIONS. "If the purchaser refuses to allow redemption to be made on legal terms, a cause of action for that purpose arises in favor of the owner or party interested, which may be brought and prosecuted at any time before being barred by the general statute of limitations." *Douglas v. Hayes County*, 82 Neb. 577.

3. ———: ———: ———: TENDER. Where the offer to redeem is accompanied by a check as payment of the redemption money, objection that the check is not legal tender is waived unless made at that time. A formal tender of money is not required where it is disclosed that if it had been so made it would have been fruitless.

4. ———: ———: ———: ———: WAIVER. Where a tender is refused without objection to the sufficiency of the amount, but upon other grounds, objection to the amount of the tender will be considered waived.

5. ———: ———: RIGHT OF REDEMPTION. Evidence found sufficient to show that plaintiff had such an interest in the real estate in question as gave him the right of redemption.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE.   *Reversed with directions.*

*Hoagland & Hoagland,* for appellant.

*Wilcox & Halligan,* contra.

BARNES, J.

Action in the district court to set aside a deed issued to the defendant Ella Wills in a tax foreclosure proceeding, and to redeem the southeast quarter of section 8, township 9 north, of range 29, in Lincoln county, Nebraska, from a lien for taxes assessed thereon. The defendants had the judgment, and the plaintiff has appealed.

It appears that the plaintiff, Herbert F. Bundy, obtained title to the land in question on June 13, 1893, by a patent from the United States; that thereafter he leased the land to the defendant Samuel C. Wills, who became his tenant in possession; that on the 10th day of December, 1900, the county of Lincoln, without an administrative sale, commenced a foreclosure of a tax lien upon this land, and made Herbert F. Bundy and others defendants therein. Personal service of summons was had upon the defendant, Samuel C. Wills, who, as above stated, was in possession, and service by publication was made upon Herbert F. Bundy, the owner, who at that time was a resident of this state. The other defendants were also served by publication. A decree of foreclosure was entered in that case, and such further proceedings were had that the land was sold thereunder on March 1, 1902, to the defendant Ella Wills, who is the wife of the defendant Samuel C. Wills, for $150. This sum was applied to the payment of the taxes and the costs. It further appears that the sale was confirmed on the 3d day of March, 1902, and a sheriff's deed was issued to the purchaser, which was duly recorded.

During the pendency of the foreclosure proceedings, and for a considerable time thereafter, the defendant Samuel C. Wills corresponded with the plaintiff, and by letter informed him that the land had been sold for the taxes to the county, and that the county attorney had informed him that if he would take it off the county's hands he might have it. He also said: "If you want to redeem the place we will have no trouble about that. All I ask is that you pay me what I have in it, that is the taxes and costs and interest, any time within a couple of years, together with what expense I am at in the way of improvements, and you can have it back, as I did not buy it to injure you or any one else, but I did not want the county to sell it to some one else whom we would not want here." Subsequently, and on the 29th day of January, 1904, Wills wrote to Bundy and sent him a statement of the money he had paid and of the subsequent taxes. On the 27th day of February, 1904, the plaintiff, through his attorneys, Hoagland & Hoagland, tendered $202.70 to the defendant, Ella Wills, by way of a check, which was sent her by letter. This letter the defendants retained, but placed the check in an envelope unaccompanied by letter or statement of any kind, directed the envelope to Hoagland & Hoagland, placed it in the mails, and it was received by them. The plaintiff thereupon commenced a suit in the federal court to set aside the deed and redeem from the lien of the taxes, which was dismissed on jurisdictional grounds, and thereafter, on the 27th day of February, 1908, this action was commenced. The defendants answered plaintiff's petition, and claimed title under the foreclosure proceedings; denied the tender; and pleaded the statute of limitations. The reply was a general denial, and the result of the trial was the judgment from which this appeal is prosecuted.

Plaintiff's first contention is that his attempt to redeem by sending the check above mentioned to the defendants was made in time and while that right existed, and that he could thereafter maintain his action for that purpose, if commenced any time within four years from that date.

This is denied by the defendants, who assert that plaintiff was possessed of no such right, and that this action is barred by the statute of limitations. Like questions were before us in *Douglas v. Hayes County,* 82 Neb. 577. In that case it was said: "In redeeming from a judicial sale of land made for delinquent taxes, the purchaser is entitled to receive the amount bid at the sale with interest. Redemption from such sale must be made or offered within two years from the sale. If the purchaser refuses to allow redemption to be made, the party wishing to redeem should tender the purchaser the amount necessary therefor, unless the purchaser by his conduct waives a formal tender. * * * If the purchaser refuses to allow redemption to be made on legal terms, a cause of action for that purpose arises in favor of the owner or party interested, which may be brought and prosecuted at any time before being barred by the general statute of limitations." In *Smith v. Carnahan,* 83 Neb. 667, it was said: "Section 3, art. IX of our constitution, gives to the owner or persons interested in real estate two years to redeem from a sale made for delinquent taxes, and this right of redemption applies to judicial sales for unpaid taxes, as well as to administrative sales. Where a county, before an administrative sale of real estate for taxes due thereon, brings an action to foreclose the tax lien and obtains a decree under which the land is sold, the sale so made is a judicial sale, and does not become final and complete until confirmation thereof by the court. In such case the two years given the owner to redeem dates from final confirmation." In *Barker v. Hume,* 84 Neb. 235, it was held that, where the purchaser at a void tax sale forecloses his lien, the sale thereunder is a judicial sale, and not final until confirmation, and the two years given to redeem dates from such confirmation. It appears without question that the judicial sale of the plaintiff's land for taxes was confirmed on the 3d day of March, 1902, and his attempt to redeem was made on the 27th day of February, 1904. Therefore his offer to redeem was made within two years, and in time to preserve the

constitutional right. In *Kelly v. Gwatkin*, 60 S. E. 749 (108 Va. 6), it was said: "Where the redemptioner has in proper time made a sufficient offer to redeem from a tax sale, which the purchaser has rejected on grounds distinct from nonproduction of the money, equity will entertain a bill to cancel the tax deed without formal tender of dues, enforcing the right of redemption only on terms of payment of the requisite amount."

Defendants now contend that plaintiff's attempt to redeem was ineffectual, because the check sent to them was not a legal tender. Under ordinary circumstances this contention should prevail. But where, as in this case, there was no objection that the tender was made by check instead of cash, such tender should be held to be sufficient. The objection that payment by check is not a legal tender is waived, if not made at the time the check is offered. In *Graham v. Frazier*, 49 Neb. 90, it was said: "A formal tender of money is never required where it is disclosed, if it had been made, it would have been fruitless." In *Filley v. Walker*, 28 Neb. 506, there was a tender of payment by check for the price of 117 head of cattle purchased, but undelivered to the plaintiff. The defendant replied that plaintiff need not draw the check, that he would not receive it unless there was included therein the amount of certain losses claimed on eight car-loads of cattle. It was said: "This is believed to have been a sufficient tender of the price, or, in other words, superseded a technical tender of either legal or current money for the 117 cattle."

It is further contended that the tender was insufficient in amount. It appears that the plaintiff and defendants were mutually of the opinion at the time the check was sent to the defendant, Ella Wills, that the rate of interest which a purchaser at tax foreclosure sale was entitled to receive was 10 per cent. The amount of the check was based on that understanding and embraced interest at that rate. It was subsequently determined by this court that the purchaser at a tax foreclosure sale is entitled to the

amount paid with interest thereon at the rate of 12 per
cent. per annum. It thus appears that the amount ten-
dered was about $6 less than the defendants were entitled
to receive. But, as no objection was made to the check on
that ground, defendants' contention is without merit.
Where tender is made, and there is a failure to object to
the insufficiency of the amount of the tender at the time
it is made, such failure is a waiver of this objection, and
the sufficiency of the amount cannot afterwards be ques-
tioned. In *Hill v. Carter,* 59 N. W. 413 (101 Mich. 158)
it was said: "Where a tender is refused without objec-
tion to the sufficiency of the amount, but on other grounds,
the amount cannot afterwards be questioned." This rule
is supported by *Guengerich v. Smith,* 36 Ia. 587; *Sheriff
v. Hull,* 37 Ia. 174; *Smith v. Kincaid,* 29 Tenn. 72; *Oak-
land Bank of Savings v. Applegarth,* 67 Cal. 86; *Ricker v.
Blanchard & Bro.,* 45 N. H. 39; *People's Furniture & Car-
pet Co. v. Crosby,* 57 Neb. 282, 73 Am. St. Rep. 504. It
seems clear from the pleadings and the evidence in this
case that defendants' refusal to accept the check in ques-
tion was never based on the ground of insufficiency as to
amount, or that it was not a legal tender, for they claimed
then as now that plaintiff's right to redeem was barred
by the statute of limitations. As shown by the foregoing
authorities, this contention cannot be sustained, and, so
far as those questions are concerned, the plaintiff has
established his right to redeem.

It is also contended that at the time the plaintiff at-
tempted to redeem he was not the owner of the land in
question, and had no such interest therein as would give
him that right. The plaintiff's evidence was sufficient to
show that he had such an interest in the land at all times
as would entitle him to redeem the same from tax sale.
The defendants introduced no testimony upon that point,
and therefore this objection was without merit.

Finally, the plaintiff has attacked the validity of the
foreclosure decree and the proceedings had thereunder re-
sulting in the sale of his land to the defendant, Ella

Wills, for many reasons; but, in view of the foregoing, it is unnecessary to consider them.

It follows that the judgment of the district court should be, and it is, reversed, and the cause is remanded to that court, with instructions to take an accounting of the amount due to the defendants on account of the tax sale in question, including subsequent taxes, interest and costs, together with their permanent improvements, if any, to ascertain the value of rents and profits from and after the issuance of the sheriff's deed to the defendant, Ella Wills, and offset the same against the amount found due to the defendants, and thereupon to render a decree permitting the plaintiff to redeem; and, upon the payment of the amount so found due to the clerk of the district court for the use of the defendants, the decree for redemption be made absolute.

JUDGMENT ACCORDINGLY.