## JOSHUA HALL v. NEHEMIAH FEILD and ABRAM WILTBANK.

Supreme Court. Sussex. March 18, 1795.

*Wilson's Red Book, 56.*\*

*Ridgely* and *Bayard* for defendants.

*Miller* and *Wilson* for plaintiff.

Defendants' counsel moved to put off this cause until plaintiff's will make up the record of an action of debt wherein he recovered for the two-thirds of this vessel by filing the bond, for oyer has been craved; that bond is the only answer to the breach. The pleas are *non est factum* and a former recovery. A recovery in one action is a bar to another for the same thing. It is discretionary with the court to put off a cause, because evidence is not produced by a party who has it in his power. The bond is part of the record and is in the possession of the party.

*Miller* for plaintiff. Plaintiff is not bound in justice to produce the bond. We are not supposed in law to be in possession of it, and if we are, it is only error, because not produced in that suit. The court, not the party, has the bond.

*Bayard* then prayed the Court to compel plaintiff to make affidavit that he had it not, or to put off the cause.

READ, C. J. The bond is not part of the records. By the *profert* the bond is in court for one term only, unless denied; if denied, the *custos brevium* kept it until it was determined. But now one attorney has a right to demand it of another; but, if it is not made part of the plea or replication, it is not part of the record. As to the other point, there should have been notice to

---

\* This case is also reported in *Bayard's Notebook, 88.*

produce it before the Court. 2 Term 201. Though a party is not obliged to accuse himself, yet, even in criminal cases, upon notice to produce, deeds etc. in the parties' custody must be produced, otherwise the party demanding may give evidence of their contents. As to the liberty etc., I am not satisfied what it includes. Undoubtedly when a party withholds a reasonable consent as to procuring evidence, the Court will put off the cause. Perhaps the Court will permit you to prove the contents.

*N.B.* *Mr. Ridgely,* afterwards in the trial, was sworn as to the contents, and proved that the bond recited Joshua Hall as the owner of two-thirds.

### Same day.

Defendants' counsel offered the book (being a sheet of paper sewed together in *octavo*) of one of the defendants (Feild) together with his oath in evidence.

Plaintiff's counsel objected that this was not a book regularly and fairly kept—here appears to be only one account. It appears to have been written all at once. It is agreed that at least many of the charges were written long after the transaction.

PER CURIAM. READ, C. J. The book is to be read. We are under necessity, considering the irregular practice under the Act of Assumptions [1 Del.Laws 327], to admit the book, though not such as the Act requires. The practice under an act is the best construction of the act. One instance thirty years back occurs to me since which I have not objected to such exhibits. It was a bit of paper about two inches square, and entered sometime after the transaction, but was the only evidence, and it was admitted on argument at Dover. There is a similar act in Pennsylvania, and there a closet door with chalks etc. was admitted. It appears from this book several of the charges were entered long after the transactions, but the jury will give it its credit.[1]

Verdict for the plaintiff.

---

[1] Wilson adds here, "*Vide* notes of the trial." The notes referred to have not been found.