GERALD R. HOPPER,

*vs.*

FESLER SALES COMPANY.

*New Castle, March* 30, 1917.

Exceptions relating to insufficiency of answers to allegations in the bill, and not to insufficiency of answers to interrogatories attached to bill, will be overruled, in view of Rules 23 and 93, providing that an answer is not subject to exception in such cases.

An exception, which is in the nature of a demurrer to the answer, will be overruled.

Interrogatories attached to a bill, which relate to immaterial matters, need not be answered.

. Where a corporation answers under its corporate seal, the authenticity of the seal must be established by attestation of the proper officer, since the court, as well as the litigants, is entitled to know that the answer is that of the corporation, and the countersigning of the answer by defendant's solicitor is not sufficient.

Rule 26, requiring that answers to interrogatiories attached to bill, must be made under oath, does not apply to a corporation defendant.

EXCEPTIONS TO ANSWER. In this case the bill contained a prayer that the company and the president and secretary and treasurer of the company, naming them, be required to answer all of the interrogatories appended to the bill. The persons named as president and secretary and treasurer were not made parties defendant. An answer was filed by the company, and in it some of the interrogatories were answered and reasons assigned why the others were not answered. To this answer exceptions have been taken by the complainant, and argument had thereon.

*Robert Penington*, for the complainant.
*Hugh M. Morris*, for the defendant.

THE CHANCELLOR. The first fourteen exceptions to the answer must be overruled. They all relate to the insufficiency of answers to certain allegations in the bill and not to the insufficiency of the answers to the interrogatories attached to the bill. The effect of Rules 23 and 93 is that an answer is not subject to exception on the first ground, and that the defendant is not bound to answer any statement or charge in the bill unless particularly interrogated thereto.

The fifteenth exception is also overruled, being in the nature of a demurrer to the answer.

The sixteenth exception is overruled as to the answers to the first, second, third, seventh, tenth, twenty-fourth, twenty-fifth, twenty-ninth, thirtieth, thirty-first, thirty-fourth, thirty-seventh and thirty-eighth interrogatories attached to the bill, and sustained as to the answers to the other interrogatories. The interrogatories which relate to immaterial matters need not be answered, and the above interrogatories are deemed to relate to matters immaterial to the issues raised by the bill. Indeed, at the hearing there was little ground for disagreement between the solicitors on this disposition of this exception. Therefore, the defendant will be required to answer the other interrogatories found to be proper ones as above stated.

By the seventeenth exception some interesting and important questions of law are raised relating to the method by which a corporation answers a bill, and whether it is required that an affidavit be attached under Chancery Rule 26. The answer purports to be the answer of the defendant corporation, and at the conclusion thereof contains only an impression of a seal which contains the name of the corporation and other words indicating that it purports to be the seal of the defendant corporation. The names of the solicitors for the defendant are appended. The corporate name is not signed to the answer, and the seal is not attested by any person, and there is nothing but the impression of the seal to connect the answer with the corporation. No affidavit is appended to the answer to identify the seal as that of the corporation or to show by whom, or by whose authority, it was affixed, and in fact there is no affidavit at all.

A corporation answers under its corporate seal, that being the most solemn form of authentication which it is capable of adopting. *Langdell's Summary of Equity Pleading*, § 78; *Daniel's Chancery Pleading and Practice, pp.* 146, 735. This rule sounds very simple, but it does not indicate how as a practical matter the seal gets onto the answer, so as to become a part of it authoritatively. Usually, and quite uniformly so far as my experience goes, the authenticity of the seal as seal is established by the attestation of the officer of the company who on general principles of law and practice is competent and authorized to vouch for the seal as being that of the corporation. No other practice is safe or acceptable. A court, as well as litigants, is entitled to some assurance that that which purports to be the answer of the company defendant is really its answer. This may be the effect of the countersigning of the answer by the solicitors for the defendant. But it is better to follow the established practice rather than experiment unnecessarily with legal forms. Therefore, the answer is not properly executed, and in making its further answer the defendant will be expected to conform to usual methods of executing answers by corporations.

But the answer is not objectionable because no affidavit is attached to it. Rule 26, which requires that where there are interrogatories all answers must be under oath, does not apply to a corporation defendant. See the above citations. Under rules of court the method is fixed by which the answer of a defendant corporation is verified, but in this State in the absence of rules the answer of the company is not under oath The need of changes in the rules of this court in this respect is therefore apparent. The seventeenth exception will be overruled for the reason stated.

An order will be entered accordingly.

NOTE: The rules referred to herein were old rules, made prior to the revision of the rules in 1917.