JOSEPH AGOSTINI, ROSE AGOSTINI, CARLO AGOSTINI, and VENDURINA AGOSTINI,

*vs.*

COLONIAL TRUST COMPANY, a corporation of the State of Delaware.

*New Castle, October 18, 1944.*

*James R. Morford,* of the firm of Marvel & Morford, for complainants.

*Daniel De Pace,* and *Eldridge H. Young,* of Baltimore, Md., for defendant.

PEARSON, Vice-Chancellor: Complainants were the borrowers and defendant the lender in a loan transaction. Complainants tendered a sum in full payment, which defendant declined. Complainants sued to compel a satisfaction of a loan agreement, bond and mortgage they had given. Upon demurrer to the original bill, this court held that the agreement purported to exact an usurious rate of interest in violation of *Rev. Code of Del.* 1935, § 3101, and was not authorized by the Small Loan Act, *Rev. Code* § 4047. Further, that the usurious rate did not have the effect of rendering the agreement wholly unenforceable; but rather, that the statute limited the liability of the borrowers so that they need not pay the excess over the legal rate. The demurrer was sustained on the ground that the sum tendered was less than the amount due at the time of the tender. *Agostini v. Colonial Trust Co., ante p.* 30, 36 *A.* 2d 33. Complainants have amended their bill alleging facts which, they argue, excuse any insufficiency in the amount of the tender. Defendant has again demurred. The sole question now is whether defendant has waived, or is estopped to assert, an objection with respect to the particular insufficiency in the amount of the tender. To avoid repetition of facts, it will be assumed that what is said here will be read as a continuation of the earlier opinion.

In calculating the amount of the tender, complainants treated partial payments (previously made) as applicable in reduction of principal indebtedness. Arguing the demurrer, defendant insisted, and in this it was sustained, that

partial payments should be applied first in satisfaction of interest accrued to the date of each payment; and only the balance remaining after satisfying all interest accruals should go to reduce the principal debt. The amount of complainant's tender was $4336.79. Defendant says that there was due at least the sum of $4350.52, a difference of $13.73. As was indicated in the earlier opinion, defendant's calculation is excessive because it apparently computed "ordinary" interest instead of "exact" interest. Consequently, the true difference between the sum due and the sum tendered is less than $13.73 (as I compute it, the difference is about $7.92). It is plain to be seen that complainants' erroneous method concerned but one step of the multiple-step computation of the sum due; and that the method followed resulted in a relatively small aberration.

Complainants aver that they were at all times in possession of sufficient sums to obviate any deficiency in the tender "had the defendant made prompt, specific and sufficient objection to the amount of said tender on the ground" now urged. They assert that defendant has waived any right to insist upon the use of a different method of computation; that failure to give a sufficient reason for its refusal induced a failure on complainants' part to make any correction in the amount of their tender; that complainants were led to believe, by defendant's letters and by an answer filed in a proceeding in the Superior Court (*In re Agostini*, 3 *Terry.* (42 *Del.*) 347, 33 *A.* 2d 306), that its sole contention as to the sufficiency of the tender "related to defendant's right, under the laws of the State of Delaware, to deduct $1,440 as three years' interest in advance on a supposed $8,000 loan and to require repayment thereof, under the loan agreement * * * in average monthly installments of $222.22 over a period of thirty-six months, and complainants' right to anticipate payments during the three-year period."

Documents mentioned in the amendment and relied on by complainants will be taken up in order. On October 16, 1942, five days before the tender was made, complainants' solicitor wrote defendant a letter stating that it was complainants' contention that the loan agreement was illegal and void because of its usurious character." He stated that the amount conceded by complainants to be due, including interest to October 23, 1942, was $4,336.79 (the sum subsequently tendered). He showed how this sum was computed. In concluding the letter, he said: "We are prepared to tender to you the amount of the obligation, plus lawful interest, plus mortgage satisfaction fee justly due from our client. Before making a formal tender we shall give you an opportunity to express to us your views in connection with the foregoing."

It does not appear that defendant replied.

On October 21, the tender was made by means of a letter from complainants' solicitor containing currency in the amount indicated. In the letter, the solicitor said: "The computation upon which the amount of the tender is arrived at is contained in my letter to you of October 16, 1942, a copy of which is enclosed herewith."

On the same day, defendant replied by letter, the entire content of which reads thus:

"With reference to your letter of October 21, inst. and tender of payment in re: Joseph Agostini, et al., the tender of payment is refused for the reason that said tender was not in conformity with the terms and conditions of the Agostini note, Bond and Mortgage."

The next day, October 22; complainants' solicitor acknowledged receipt of this letter, saying that the money tendered was available upon defendant's demand, and that by reason of the refusal, the debtors were relieved from the payment of any further interest upon the obligation.

On November 23, complainants' solicitor wrote defend-

ant demanding that it satisfy the mortgage. The content of defendant's reply, dated December 12, will be quoted in its entirety:

"This will acknowledge your letter of the 23rd ulto. and in reply state that when you wrote us on the 21st of October, 1942 and delivered the letter by Mr. Bennethum, we answered you fully.

"We have replied to all of your communications and here re-state, as you must know, that the discounting of the note is in conformity with the regulations of the State Bank Commissioner and under the statute law of this State.

"We had not on and prior to the 21st day of October 1941 demanded payment in full, the last·monthly installment being due on July 18, 1944 and neither has the mortgage and debt been paid entitling your clients to satisfaction entered of record. Of course, default in monthly payments may subject your clients to the provisions of 4048, section 153 (Laws of the State of Delaware relating to financial institutions).

"The charges of usury, and the demand to satisfy the mortgage are not in accordance with the law.

"Because of the charges and demands we are forwarding all papers and correspondence to Mr. Lynch, the State Bank Commissioner."

On December 23, complainants filed their petition in the Superior Court to obtain a satisfaction of the mortgage. *In re Agostini*, 3 *Terry* (42 *Del.*) 347, 33 *A.* 2d 306. The following paragraph in defendant's answer to the petition is of interest here:

"2. That it admits that payments are listed in Paragraph 3 * * * were made on account of the principal of said loan or advance of Eight thousand dollars ($8000.00) and there was unpaid on September 8, 1942, the full and just sum of Fifty three hundred and seventy-seven and 76/100 dollars ($5377.76) and when and on the twenty-first day of October, A. D. 1942, there was offered to the defendant banking institution the sum of Forty-three hundred and thirty-six and 79/100 dollars ($4336.79), upon condition that said loan or advance of Eight thousand dollars ($8000.00) be liquidated and said collateral security (bond and mortgage) satisfied of record, the said sum of Forty-three hundred and thirty six and 79/100 dollars ($4336.79) was not the balance due and under the terms of said note, evidencing said indebtedness, the petitioners were not entitled to anticipate the installment payments stipulated therein, the said defendant, banking institu-

tion not having declared said payments, or any of them, to be in default on said twenty-first day of October, A. D. 1942, and therefore said petitioners were not then and are not now entitled to have said mortgage satisfied of record."

Before, after, and at the time of making the tender, complainants called to defendant's attention their method of calculating the sum offered, which method included the erroneous application of partial payments to principal. Defendant assigned a specific reason for its rejection of the tender: that it "was not in conformity with the terms and conditions of the Agostini note, Bond and Mortgage." This reason was insufficient, in that the note, bond and mortgage were not enforceable in accordance with their terms and conditions (since to enforce them would compel the payment of usury). Not only did defendant make no objection on the ground of complainants' method of allocating partial payments to principal, but its voiced objection was necessarily inconsistent with any allocation other than to principal. Until the argument on the first demurrer, defendant had insisted repeatedly and exclusively upon the performance of the terms and conditions of the agreement, *under which terms partial payments were applicable in their entirety to principal, all interest being deductible in advance.* The suggestion that partial payments should be applied first to interest came forth only at the argument, and was obviously an afterthought. But even now, defendant does not say that complainants' treatment of partial payments in calculating the sum offered was a motivating cause of its rejection of the tender. Indeed, defendant's acts down to and including its most recent brief impel an inference that it would have declined a tender computed by a correct allocation of partial payments. In the brief, defendant denies that its present claim is that only $4350.53 was due on the date of the tender; and with respect to allegations to that effect in the amendment to the bill, defendant says:

"It is respectfully submitted that such claim, or inference, was

never made by the defendant. Any mention of the sum quoted above was done purely for the sake of argument, and not as a matter of fact. Defendant has always, and does now claim the full amount of the balance of the loan, as evidenced by the note, or 'Agreement', and any lesser claim attributed to the defendant is nothing more than a figment of the fertile imagination of the complainants."

Defendant could hardly state its position more explicitly, that its eleventh hour mention of the true defect in the tender is "purely for the sake of argument."

Summarizing the facts which presently appear, complainants, in good faith, tendered a sum less than the amount due, in payment of indebtedness. The difference was relatively insubstantial, and complainants were at all times in a position to remedy the defect. Defendant declined the tender, giving specific reasons which were insufficient and inconsistent with the actual defect. Complainants aver that defendant's failure to give a sufficient reason induced a failure on their part to correct the tender. What defendant said was, under the circumstances, calculated to lead a reasonable person to believe that its only reasons for declining the tender were those which have been found insufficient. It is apparent that defendant would have rejected the tender if the actual defect had not existed. It follows that defendant has waived, or is estopped to assert, the present objection to the tender; and that the rights of the parties are the same as though the full amount due had been tendered. *Chisholm v. Concannon, (Mo. App.)* 141 *S.W.* 2d 172; *Bundy v. Wills,* 88 *Neb.* 554, 130 *N.W.* 273, *Ann. Cas.* 1912B, 900; *Shaeffer v. Baeringer,* 44 *Pa. Dist. & Co. R.* 493; *Bender v. Bean,* 52 *Ark.* 132, 12 *S.W.* 241; 6 *Williston on Contracts, (Rev. Ed.)* § 1819; 3 *Williston on Contracts, (Rev. Ed.)* §§ 742, 743; 1 *Restatement of Contracts,* § 304; 62 *C. J. pp.* 663, 664.

The demurrer must be overruled.

An order accordingly will be advised.