360

JOSEPH AGOSTINI, ROSE AGOSTINI, CARLO AGOSTINI, and VENDURINA AGOSTINI,

*vs.*

COLONIAL TRUST COMPANY, a corporation of the State of Delaware.

*New Castle, August 23, 1945.*

*James R. Morford,* of the firm of Marvel & Morford, for complainants.

*Bayard W. Allmond,* and *Eldridge Hood Young,* of Baltimore, Md., for defendant.

PEARSON, Vice-Chancellor: The gravamen of the complaint is that the provisions for interest in a loan agreement, bond and mortgage (complainants being the borrowers and defendant the lender) violate restrictions upon interest chargeable under the Delaware usury statute, *Rev.Code of Del.* 1935, § 3101, and are not authorized by the relevant section of the small loan act, *Rev.Code,* § 4047. Complainants charge that illegality stems from a provision for the deduction in advance of what amounts to "bank discount" at six per cent per annum for a period of three years computed upon the entire face amount of the loan, the latter being payable in monthly installments during three years. Based upon this premise, they tendered a sum in payment which defendant refused "for the reason that said tender was not in

conformity with the terms and conditions of the * * * note, Bond and Mortgage." The relief prayed for depends upon the adequacy of the tender. Defendant demurred to the original bill. It was held that although the interest provisions were unlawful (and consequently, the sum due was substantially less than that upon which defendant had insisted), nevertheless, the amount tendered was insufficient by a few dollars, because complainants in their calculation had made erroneous applications of partial payments as between principal and interest owing. *Agostini v. Colonial Trust Co., ante p.* 30, 36 *A.* 2*d* 33. Complainants amended their bill alleging facts to show that defendant had waived, or was estopped to assert, an objection to this deficiency in the amount of the tender. A demurrer to the amended bill was overruled, it being held that under the allegations "the rights of the parties are the same as though the full amount due had been tendered." *Agostini v. Colonial Trust co., ante p.* 184, 39 *A.* 2*d* 406, 408.

After a hearing on testimony had begun, defendant amended its answer, with leave of the court, alleging that there was a custom or usage "among banking and loaning institutions * * * availing themselves of the right to lend money under * * * [the Small Loan Act] to lend money for a period or term of three years, i. e. to charge in advance the legal rate of six per cent for said three year period upon the entire amount of the loan, the same being repayable in weekly, monthly or other periodic installments * * *", and that such loans were sanctioned and approved by the state Bank Commissioner. Defendant contended that the custom or usage justified a construction of the Small Loan Act which would validate the interest provisions in the loan here. Complainants filed exceptions to this amended answer, and after a hearing, I wrote a letter to the solicitors stating the reasons for the ruling sustaining the exceptions.[1]

---

[1] The letter reads thus: "After considering the exceptions to the

Defendant amended its answer accordingly, and the trial was resumed and concluded.

Complainants have made out a case of tender as alleged in their bill, and have shown that under the attendant circumstances, defendant has waived, or is estopped to assert, any objection based upon the small insufficiency in the amount of the tender previously mentioned. Complainants are entitled to a decree in their favor unless, as defendant contends, the loan here was permissible by virtue of the alleged custom or usage.

---

amendment to the answer, I have arrived at the following conclusions:

"1. The issue of constitutionality of *Section* 4047 (*Rev. Code of Del.* 1935) should not .be taken up at this stage. The office of exceptions is not to serve as a demurrer to the answer. *Hopper v. Fesler Sales Co.*, 11 *Del. Ch.* 255, 100 *A.* 791. Although that case involved earlier rules, it is plain from *Rules of Court* 1917, *pp.* 90, 91 that the present rules do not call for a modification of the stated proposition. See 30 *C. J. S., Equity*, § 355, *pp.* 772, 773. An additional reason for deferring consideration of the constitutional question is that the cause may possibly be decided on other grounds. Compare *Cantor v. Sachs*, 18 *Del. Ch.* 359, 162 *A.* 73.

"2. The content of the amendment does not seem 'impertinent' as argued by complainants, because the existence of a usage or custom may call for, and influence, a construction of the statute. In this connection, the practice of the Bank Commissioner may be important. *Wilkerson v. Cropper*, 6 *W. W. Harr.* 1, 171 *A.* 191; *Hall v. Field and Wiltbank*, 4 *Har.* 533, *note*, 1 *Del. Cas.* 54, 362; 50 *Am. Jur. pp.* 309-312; 2 *Sutherland Statutory Construction*, §§ 5103, 5106, 5108.

"3. Since the time or durational aspect is a significant component of a usage or custom, the exceptant is not unreasonable in asking for a specification of the approximate time of inception and duration of the usage or custom relied upon. No objection appears to the use of exceptions for this purpose. Accordingly, the exceptions should be sustained with leave to defendant to submit an amendment embodying the matter indicated. If an amendment is filed, it should be in the form in which answers in this court are expressed, not in the form of separate pleas like the present amendment. An order may be submitted, upon notice."

To prove the custom or usage, defendant offered evidence of the practice of the Bank Commissioner, and of a number of installment loans in which "bank discount" at six per cent for three years had been deducted in advance from the face amount. However, the proof was conclusive that an integral part of each loan contract referred to was a condition that the borrower should have the right to a rebate of interest if the loan were repaid prior to due dates of installments. The right to a rebate is obviously a matter of substance. The present agreement contained an express provision that there should "be no rebate of interest whatsoever," if any unpaid balance of the loan were paid "before the time specified to be paid." Assuming that the evidence was sufficient to show a lawful custom or usage, the present loan was not within the scope of such custom or usage. The defense is, therefore, unavailing.

Complainants should be directed to offer defendant, within a fixed period, the sum due on October 21, 1942, computed in accordance with the method approved in the first opinion in this case, together with the mortgage satisfaction fee. Defendant should be directed to deliver up the bond, mortgage and loan agreement and satisfy the mortgage of record, as soon as complainants make the foregoing offer.

A decree accordingly will be advised.