206 A.2d 232 (1964)
Daniel D. FRIEL, Edwin A. Gee and J. Craig Yacoe, Plaintiffs,
v.
E. Russell JONES, Executor of the Estate of Alexia duPont Ortiz deBie, Defendant.
Court of Chancery of Delaware, New Castle.
October 19, 1964.
Daniel L. Herrmann, of Herrmann, Bayard, Brill & Russell, Wilmington, for plaintiffs.
Donald C. Taylor and H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for defendant.
SHORT, Vice Chancellor:
This is an action for specific performance of an alleged contract of sale of a parcel of real estate. Defendant has moved for summary judgment. This is the decision on that motion.
On December 6, 1963, the defendant caused to be published a Notice of Sale of five parcels of land of the Estate of Alexia duPont Ortiz deBie. The notice called for sealed bids to be opened at the office of Howard L. Williams, Esquire, on January 28, 1964. It set forth the terms of sale and provided, inter alia, that the sellers would *233 deliver a good, marketable, fee simple title at settlement and that only bids which covered all of the lands would be considered. The notice was published over the typed name of "Howard L. Williams, Attorney for the Estate of Alexia duPont Ortiz deBie." On January 14, 1964 the defendant caused to be published an Amended Notice of Sale of said lands. The amended notice provided that bids might cover any one or more of the parcels or any combination thereof. It also contained the following provisions: "The properties will be sold to the bidder or bidders whose bids in the aggregate add up to the highest total number of dollars. Provided, however, that if no bid, or only a nominal bid, is received on one or more parcels `1' through `4', then, the Executor reserves the right to reject all bids." The amended notice was likewise over the typed name of "Howard L. Williams, Attorney for the Estate of Alexia duPont Ortiz deBie."
On January 28, 1964, plaintiffs submitted a sealed bid. Insofar as it is material to the present issue, plaintiffs' bid was in the following language:

"Parcel Numbers as Shown
 on Plot Submitted by
 H. L. Williams Dollars Bid
 1 $ 58,100
 2 & 5* $136,100
 3 $147,100
 4 $ 61,100
 1, 2, 3, & 4** $381,100
 1, 2, 3, 4, & 5 $402,100
* Bid contingent upon sale of both parcels to this bidder
** Bid on this particular combination is contingent upon approval by this bidder of the buyer of parcel 5 and his plans for use and development of parcel 5

"This bidder reserves the right to limit his purchase to not more than two of the above parcels or combinations of parcels.*****
"It is understood that settlement for the balance due on any sale or sales to me will not be required in less than 30 days from your acceptance of such bid or bids.
"All bids made here are contingent upon the seller providing marketable, good fee simple title to the property and on understanding that there are no casements or restrictions or encumbrances on the property which have not been described in the notice of sale from Williams dated December 6, 1963 and January 14, 1964.****"
At the opening of the bids on January 28, 1964, plaintiffs were the highest bidders for the combination of parcels 2 and 5 and for parcel 4. By letter dated January 28, 1964 defendant's attorney advised plaintiff that he was the successful bidder as to parcels 2 and 5 for the sum of $136,100 which bid was thereby accepted. The letter further advised that "The Executor has rejected all bids on Parcel No. 4 because, in his opinion, the bid prices were inadequate." Settlement arrangements were made for consummation of the sale of parcels 2 and 5 but defendant refused to confirm such arrangements for parcel 4. This action was thereupon instituted.
Defendant contends (1) that since it affirmatively appears that Howard L. Williams, his attorney, was not authorized in writing to publish the notices of sale, plaintiff is barred from the relief he seeks by the applicable provisions of the Statute of Frauds; (2) that the sale was one "with reservation" entitling the defendant to withdraw the property from sale prior to his acceptance of any bids; (3) that plaintiffs' bid was a counter-offer requiring acceptance on defendant's part before any contract was entered into. Since I am satisfied that defendant's motion must be granted on the ground that plaintiffs' bid was a counter-offer, it is unnecessary to consider the first two grounds of the motion.
It is an elementary principle of contract law that an acceptance of an offer, in order to be effectual, must be identical with the offer and unconditional. 17 C.J.S. Contracts § 43, page 681. This principle has been recognized by this court. In Foreman's Systems, Inc. v. Milk Dealers' *234 Crate Corp., 13 Del.Ch. 351, 120 A. 358, the Chancellor said: "It is, of course, elementary that where a contract is sought to be made in the form of an offer and an acceptance, there is no meeting of minds unless the acceptance is of the identical thing offered. If the acceptance be not co-extensive with the offer, then before the offerer can be said to have become bound, he must have indicated in turn his assent to the modified acceptance."
In Weishut v. Layton, 5 Boyce 364, 93 A. 1057, the Superior Court said: "Where one party makes a definite offer for the sale of a commodity before a contract results therefrom, there must be an acceptance of the offer, by the other party, absolute and identical with the terms of the offer."
One aspect of the principle is thus stated in Restatement, Contracts, § 60: "A reply to an offer, although purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counter-offer."
This elementary principle is not disputed by plaintiffs. They argue simply that since only parcel 4 is involved in this proceeding, none of the contingencies set forth in plaintiffs' bid letter is pertinent. On the contrary plaintiffs' reservation of "the right to limit his purchase to not more than two of the above parcels or combinations of parcels" is clearly a term which was not included in the notices of sale. Neither is there anything in those notices which would authorize a bidder to make such a reservation. As defendant points out, the time at which a bid is to be considered, in order to determine whether it is an unconditional acceptance of an offer or a counter-offer, is the time when it is made. When plaintiffs' bids were submitted they reserved to themselves the right to limit their purchase to not more than two of the parcels, though their bids covered all parcels, either as units or combinations. This reservation was clearly a conditional acceptance, or counter-offer which defendant could accept or reject. Defendant did accept the counter-offer in part and rejected it in part. What legal consequences flowed from defendant's partial acceptance it is not necessary to decide, though I am inclined to the view that this acceptance, in turn, constituted a counter-offer which plaintiffs could have accepted or rejected.
Defendant points also to other conditions set forth in plaintiffs' bid letter. In view of the holding with respect to plaintiffs' reservation of the right to limit their purchases, I do not find it necessary to consider whether or not the other conditions relied on were departures from the terms of defendant's offer.
Since plaintiffs' bid was not an unconditional acceptance of the offer made, but rather a counter-offer, it follows that there was no meeting of the minds with respect to parcel 4 and, therefore, no contract.
The motion for summary judgment is granted. Order on notice.

ON REARGUMENT
Following the above opinion plaintiff moved for reargument on several grounds. This motion was granted as to Ground No. 3 which is as follows:
"3) It does not appear that the Court gave due cognizance to the defendant's only expressed reason, as set forth in Exhibit F to the Complaint, for rejecting the plaintiffs' bid on Parcel 4, the stated reason being completely unrelated to the form of plaintiffs' bid or any condition or reservation therein. The only reason appearing in the record for the defendant's rejection of the plaintiffs' bid on Parcel No. 4 was the following contained in Exhibit F:
"`In accordance with the notice of invitation to bid, the Executor has rejected all bids on Parcel No. 4 because, in his opinion, the bid prices were inadequate.'" *235 This is the decision on Ground No. 3 of plaintiffs' motion.
Plaintiff relies upon the principle stated in Ohio and Miss. Ry. Co. v. McCarthy, 96 U.S. 258, 24 L.Ed. 693 that: "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground, and put his conduct upon another and a different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a settled principle of law." This principle has been recognized by this court in Agostini v. Colonial Trust Company, 28 Del.Ch. 184, 39 A.2d 406. So, in the present case, plaintiff argues that defendant's stated reason for rejecting the bid on Parcel No. 4, namely, that "the bid prices were inadequate," precludes defendant from now relying upon any other ground.
The difficulty with plaintiffs' argument is that we are not here concerned with rights growing out of contract as in the cases cited by plaintiff. The McCarthy case involved a contract to ship cattle by rail. The damages claimed resulted from a delay in shipment, the reason given by the defendant for the delay being that there was a lack of available railroad cars. At trial, defendant attempted to assert a defense that it was precluded from shipping on Sunday by the law of West Virginia. The court held that defendant was estopped to assert this defense. So also, in the Agostini case the question involved was whether or not plaintiff-mortgagor had made a proper tender of the balance due on a mortgage. This court held that the mortgagee would not be permitted to raise any defense which was not asserted at the time of its refusal of the tender. Here again, there was a contractual relation between the parties.
The situation involved in the present case obviously differs from that wherein contractual rights are involved. Plaintiffs here, in effect, made an offer to defendant to purchase all of the parcels as to which defendant invited bids. This offer, as I have already found, was not in accordance with the terms specified in the invitation. The bids as to the several parcels and combinations thereof did not pretend to make the bid as to any parcel or combination dependent upon the acceptance of the bid as to any other parcel or combination. In the absence of this condition each of the several bids was independent of the others or of any particular other bid. The bids constituted a series of counter-offers which defendant was at liberty to accept, reject or ignore in toto, or, under the circumstances, in part. He was not required to give any reason for a rejection, whether in whole or in part, and, since the several bids were independent each from the other, the fact that he stated one reason for rejecting the bids on parcel 4 does not now preclude his reliance upon another.
Plaintiffs contend that they have been prejudiced by defendant's partial rejection of their offers. They say that by accepting the bid on parcels 2 and 5 defendant tacitly recognized the sufficiency of the form of bid on all parcels, and that he should not now be permitted to attack the form of bid as to parcel 4. The difficulty with this contention is that defendant, under the circumstances, had no duty to entertain plaintiffs' counter-offers on any parcels. Had he ignored all of plaintiffs' bids they could not have complained. The fact that he chose to accept the bid on the combination of parcels 2 and 5 did not require him to consider any other bid made by plaintiffs. As the bids were independent, one from the other, so also was the acceptance and rejection. So, any reason which defendant might have given for the rejection is wholly immaterial. Compare, Jepson v. Marohn, 22 S.D. 593, 119 N.W. 988, 21 L.R.A.,N.S., 935. Moreover, in order to apply the doctrine of equitable estoppel it must appear that defendant, by his voluntary conduct, has deliberately or unconsciously led plaintiffs, in reliance upon that conduct, to change their position for the worse. Wolf v. Globe Liquor Company, *236 34 Del.Ch. 312, 103 A.2d 774. Even assuming plaintiffs' right to rely and reliance in fact, they do not suggest how their position has been changed for the worse. There is no intimation in the complaint or plaintiffs' affidavits that they would not have settled for parcels 2 and 5 if parcel 4 was not awarded to them. While argument in plaintiffs' brief is devoted to the point, even there they do not assert that consummation of the sale of parcels 2 and 5 was in any way dependent upon the disposition of parcel 4. Plaintiffs have thus failed to establish an essential element of the doctrine of equitable estoppel and that principle cannot be here invoked.
Defendant's motion for summary judgment is granted.