J-A03004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ANTONIO HATCHETT | : | |
| Appellant | : | No. 15 EDA 2017 |

Appeal from the Judgment of Sentence December 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012786-2015

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED FEBRUARY 23, 2018**

Appellant, Antonio Hatchett, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, after his bench trial convictions for possession of a firearm prohibited, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia.[1] We affirm.

The relevant facts and procedural history of this case are as follows.

> On October 6, 2015, at about 8:30 p.m., Philadelphia Highway Patrolmen Timothy Stephan and Keith White were on routine patrol in the area of the 100 block of East Rockland Street in Philadelphia when they observed a vehicle with heavily tinted windows, which they stopped for violations of the Vehicle Code.  The vehicle was occupied by Appellant, who was in the backseat, Tyreek

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

Smith [("Co-defendant")], who was in the front passenger seat, and a third male, who was driving. Upon approaching the males, Officer Stephan observed that Appellant had an identification card in his hand. As Appellant attempted to hand the card to the officer, [Appellant's] hand was shaking, and he began to breathe more heavily as he looked at the officer. The officer also observed green leafy material on the backseat floor of the vehicle that he believed was marijuana residue and detected an odor of burnt marijuana. Officer Stephan thereafter inspected the inside of the vehicle using his flashlight and noticed that the headrest attached to the front passenger [seat] had been stripped of its foam insert thereby creating a pocket. He also observed that material had been removed from the back of the front passenger seat, which he believed could have created a hidden compartment in the seat.

Upon observing these alterations to the car, along with the nervousness manifested by the vehicle's occupants, the officers became concerned so they returned to their vehicle and called for back-up. While the officers sat in their vehicle waiting for back-up, it appeared to them that the males in the vehicle were moving about inside it.

When back-up arrived, Officer Stephan, Officer White, and the two back-up officers once again approached the vehicle. Officer Stephan observed that Appellant was sweating even more profusely and breathing more heavily than he was during the initial encounter. After removing the three males from the vehicle, Officer Stephan confirmed that alterations had been made to the front passenger headrest, which had an indentation in the form of a handgun. He also confirmed alterations to the back of the front passenger seat. After Officer Stephan made these observations, Officer White proceeded from the driver's side of the vehicle to its passenger side, lifted up the back seat, which he observed was not locked in to its bracket and was pulled away from the rear part of the seat creating a gap. He then recovered an operable black 9 millimeter Ruger handgun loaded with sixteen live rounds, located directly under where Appellant was seated. A check of the serial number on the weapon revealed that the gun had been stolen and, as a result of the discovery

of the gun, Appellant and [Co-defendant], the registered owner of the vehicle, were taken into custody. Neither person had a valid permit to carry a firearm.

Prior to the stop of the vehicle in this instance, Officer Stephan had conversations with Appellant and, on those occasions, Appellant did not exhibit nervousness or profuse sweating during those encounters. Officer Stephan indicated that he did not observe the firearm before it was recovered and that he did not see Appellant reach under the seat.

(Trial Court Opinion, filed April 25, 2017, at 2-3).

The court held a bench trial on September 15, 2016, and that same day, convicted Appellant of possession of a firearm prohibited, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia. On December 1, 2016, the court sentenced Appellant to an aggregate term of six to twelve years' imprisonment, plus five years' probation. Appellant timely filed a post-sentence motion on December 13, 2016, which the court denied the following day. On December 22, 2016, Appellant timely filed a *pro se* notice of appeal. The court, on December 28, 2016, ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). The court appointed appellate counsel on January 4, 2017, and issued a new Rule 1925(b) order on January 5, 2017. After the court granted multiple extensions of time, Appellant timely filed a counseled Rule 1925(b) statement on March 27, 2017.

Appellant raises the following issues for our review:

- 3 -

WERE THE VERDICT OF GUILTY AND JUDGMENT OF SENTENCE ON ALL OFFENSES (VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6105, VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6106, VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6108…) AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE COMMONWEALTH COULD NOT PROVE ACTUAL OR CONSTRUCTIVE POSSESSION OF THE FIREARM, AS THERE WAS NO EVIDENCE PRESENTED THAT [APPELLANT] (1) EVER POSSESSED THE FIREARM, AND (2) HAD KNOWLEDGE OF, OR COULD EXERCISE CONSCIOUS DOMINION OR CONTROL OVER, THE FIREARM FOUND UNDER THE REAR SEAT CUSHION IN A VEHICLE THAT DID NOT BELONG TO HIM, WHEN HE WAS MERELY A REAR PASSENGER IN THE VEHICLE AND APPEARED NERVOUS WHEN STOPPED BY THE POLICE?

WAS THE VERDICT OF GUILTY (VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6105, VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6106, VIOLATION OF THE UNIFORM FIREARM ACT [18 PA.C.S.A.] § 6108…) AGAINST THE WEIGHT OF THE EVIDENCE WHERE THE COMMONWEALTH COULD NOT PROVE ACTUAL OR CONSTRUCTIVE POSSESSION OF THE FIREARM, AS THERE WAS NO EVIDENCE PRESENTED THAT [APPELLANT] (1) EVER POSSESSED THE FIREARM, AND (2) HAD KNOWLEDGE OF, OR COULD EXERCISE CONSCIOUS DOMINION OR CONTROL OVER, THE FIREARM FOUND UNDER THE REAR SEAT CUSHION IN A VEHICLE THAT DID NOT BELONG TO HIM, WHEN HE WAS MERELY A REAR PASSENGER IN THE VEHICLE AND APPEARED NERVOUS WHEN STOPPED BY THE POLICE, AND THE VERDICT SHOCKS THE CONSCIENCE?

(Appellant's Brief at 5-6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel D. McCaffery, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions

presented. (*See* Trial Court Opinion, *supra*, at 4-8) (finding: **(1)** evidence established Appellant constructively possessed firearm in vehicle; Appellant hastily gave identification to Officer Stephan, even though Appellant knew Officer Stephan; police saw gun-shaped cut-out in headrest situated in front of Appellant; alterations had been made to front passenger seat; Appellant became increasingly and unusually nervous as investigation of vehicle progressed; rear passenger seat where Appellant sat was unlatched; occupants of vehicle made noticeable movement inside vehicle after police initiated traffic stop; police discovered gun directly under Appellant; therefore, totality of circumstances of traffic stop indicated Appellant knew gun was present and had intent and power to control gun; **(2)** Commonwealth presented credible testimony at trial that Appellant possessed firearm in public in Philadelphia without license; although police did not observe Appellant place gun under his seat, circumstantial evidence allowed court to conclude Appellant's firearms convictions did not shock conscience; specifically, police observed Appellant acting visibly nervous during traffic stop, Appellant's seat was unhooked and loose, and police discovered gun directly under Appellant's seat; court correctly found verdict was consistent with weight of evidence). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

J-A03004-18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:2/23/18

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CRIMINAL SECTION**

COMMONWEALTH OF PENNSYLVANIA   : PHILADELPHIA COURT
                                        : OF COMMON PLEAS
                                        : CRIMINAL TRIAL DIVISION
                                        :

v.              **FILED**   : CP-51-CR-0012786-2015

                 APR **2 5 2017**  :

ANTONIO HATCHETT    Office of Judicial Records
                            Appeals/Post Trial

CP-51-CR-0012786-2015 Comm. v. Hatchett, Antonio
Opinion

**OPINION**



7938084261

**MCCAFFERY, J**

      Antonio Hatchett (hereinafter "Appellant") appeals from the judgment of sentence imposed by this Court on December 1, 2016. For the reasons set forth below, it is suggested that the judgment of sentence be affirmed.

**PROCEDURAL HISTORY**

      On September 15, 2016, Appellant was tried before this Court, sitting without a jury, and found guilty of Possession of a Firearm Prohibited, 18 Pa.C.S. § 6105, Carrying a Firearm Without a License, 18 Pa.C.S. § 6106, and Carrying a Firearm on a Public Street, 18 Pa.C.S. § 6108.[1] On December 1, 2016, this Court imposed an aggregate sentence of six to twelve years' incarceration followed by five years' probation. Following the imposition of sentence, Appellant filed a post-sentence motion which this Court denied on December 14, 2016. Appellant thereafter filed a notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement. In his

---

[1] Appellant was tried jointly with Tyreek Smith, who was acquitted. Appellant was tried on the 6105 charge after being convicted of the other two offenses. Following a stipulation to evidence indicating that Appellant had a prior conviction that made him ineligible to possess a firearm, and all of the evidence presented at trial, he was found guilty of violating section 6105. (N.T. 58).

1

1925(b) statement, Appellant asserts that the evidence was insufficient to sustain the convictions, that the guilty verdict was against the weight of the evidence, and that the Court committed an abuse of discretion with respect to the admission of certain evidence.

## FACTUAL HISTORY

On October 6, 2015, at about 8:30 p.m., Philadelphia Highway Patrolmen Timothy Stephan and Keith White were on routine patrol in the area of the 100 block of East Rockland Street in Philadelphia when they observed a vehicle with heavily tinted windows, which they stopped for violations of the Vehicle Code. (N.T. 10-11).[2] The vehicle was occupied by Appellant, who was in the backseat, Tyreek Smith, who was in the front passenger seat, and a third male, who was driving. (N.T. 10-11). Upon approaching the males, Officer Stephan observed that Appellant had an identification card in his hand. As Appellant attempted to hand the card to the officer, his hand was shaking, and he began to breathe more heavily as he looked at the officer. (N.T. 13, 15). The officer also observed green leafy material on the backseat floor of the vehicle that he believed was marijuana residue and detected an odor of burnt marijuana. (N.T. 14).[3] Officer Stephan thereafter inspected the inside of the vehicle using his flashlight and noticed that the headrest attached to the front passenger had been stripped of its foam insert thereby creating a pocket. (N.T. 17). He also observed that material had been removed from the back of the front passenger seat, which he believed could have created a hidden compartment in the seat. (N.T. 17-18).

Upon observing these alterations to the car, along with the nervousness manifested by the vehicle's occupants, the officers became concerned so they returned to their vehicle and called for back-up. (N.T. 18, 44). While the officers sat in their vehicle waiting for back-up, it

---

[2] Unless otherwise indicated, all references to the record refer to the transcript of Appellant's trial.
[3] The other two passengers manifested nervousness as well. (N.T. 15).

2

appeared to them that the males in the vehicle were moving about inside it. (N.T. 18-19, 44).

When back-up arrived, Officer Stephan, Officer White, and the two back-up officers once again approached the vehicle. Officer Stephan observed that Appellant was sweating even more profusely and breathing more heavily than he was during the initial encounter. (N.T. 19). After removing the three males from the vehicle, Officer Stephan confirmed that alterations had been made to the front passenger headrest, which had an indentation in the form of a handgun. He also confirmed alterations to the back of the front passenger seat. (N.T. 19, 29). After Officer Stephan made these observations, Officer White proceeded from the driver's side of the vehicle to its passenger side, lifted up the back seat, which he observed was not locked in to its bracket and was pulled away from the rear part of the seat creating a gap. He then recovered an operable black 9 millimeter Ruger handgun loaded with sixteen live rounds, located directly under where Appellant was seated. . (N.T. 19-20, 28, 34, 44-45, 49).[4] A check of the serial number on the weapon revealed that the gun had been stolen and, as a result of the discovery of the gun, Appellant and Smith, the registered owner of the vehicle, were taken into custody. (N.T. 20, 45). Neither person had a valid permit to carry a firearm. (N.T. 20, 48).

Prior to the stop of the vehicle in this instance, Officer Stephan had conversations with Appellant and, on those occasions, Appellant did not exhibit nervousness or profuse sweating during the prior encounters. (N.T. 27). Officer Stephan indicated that he did not observe the firearm before it was recovered and that he did not see Appellant reach under the seat. (N.T. 34, 37).

---

[4] A comparison of the recovered gun to the gun-shaped indentation in the altered headrest revealed that the gun matched the indentation. (N.T. 28, 46). A DNA test performed on the gun detected male DNA but it could not be connected to any individual. (N.T. 50).

3

## DISCUSSION

In his 1925(b) statement, Appellant argues in his first two claims that the verdicts were against the weight of the evidence and that the evidence was insufficient to sustain the verdicts because the Commonwealth failed to establish that Appellant possessed the gun, exercised dominion and control over the gun, or had knowledge of the presence of the gun under the seat. He further asserts that these issues have merit because he was merely present in the car and that the evidence related to his nervousness did not prove his guilt. He lastly claims that this Court committed an abuse of discretion by permitting the Commonwealth to present evidence that during prior encounters with Officer Stephan, Appellant did not exhibit nervousness.

With regard to Appellant's sufficiency claim, the Pennsylvania Supreme Court has provided the following standard of review:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction... does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict... [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

Commonwealth v. Ratsamy, 934 A.2d 1233, 1235-1236 (Pa. 2007) (emphasis in original).

The Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Commonwealth v. Duncan, 932 A.2d 226, 231 (Pa. Super. 2007) (citation omitted). A reviewing court may not substitute its judgment for that of the fact finder, and where the record contains support for the convictions, they may not be disturbed. Id. Lastly, the finder of fact is free to believe some, all, or none of the evidence presented. Commonwealth v. Hartle, 894 A.2d 800, 804 (Pa. Super. 2006).

Section 6105 provides that a person who has been convicted of any of several enumerated

4

felonies, including burglary, "shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S. § 6105 (a)(1). A person commits the crime of carrying a firearm without a license, 18 Pa. C.S. § 6106, if he or she carries a concealed firearm upon his or her person while lacking a license. Finally, a person violates 18 Pa. C.S. § 6108, if he or she carries a "firearm, rifle or shotgun at any time upon the public streets or upon any public property" in Philadelphia unless licensed to do so or exempt from the license requirement. For purposes of these sections, a "firearm" is "[a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches." 18 Pa. C.S. § 6102.

The evidence adduced at trial established that Appellant constructively possessed the operable firearm discovered in the car. To prove constructive possession, the Commonwealth must show that the accused "exercise[d] a conscious dominion over the illegal [contraband.]" Commonwealth v. Valette, 613 A.2d 548, 550 (Pa. 1992). Conscious dominion is the "power to control the contraband and the intent to exercise that control." Id., citing Commonwealth v. Mudrick, 507 A.2d 1212, 1213 (Pa. 1986). The Superior Court has noted, "[c]onstructive possession by its nature is not amenable to "bright line" tests. We have held, therefore, that it may be established by the totality of the circumstances." Commonwealth v. Carroll, 507 A.2d 819, 821 (Pa. 1986). Finally, circumstantial evidence can prove constructive possession, Commonwealth v. Carter, 450 A.2d 142, 144 (Pa. Super. 1982).

Drawing all inferences in favor of the Commonwealth as the law requires, it is clear that the evidence was sufficient to sustain the verdict finding Appellant guilty of the three firearms

charges. Starting with Appellant's haste to give Officer Stephan his identification even though he knew the officer, the gun-shaped cut-out in the headrest situated in front of Appellant, the alterations made to the front seat, Appellant's unusual and extreme nervousness that worsened as the investigation continued, the unlatched back seat, the movement of the men in the car after being stopped by the officers herein, and the discovery of the gun directly under Appellant all coalesced to prove Appellant had knowledge of the gun's presence, that he had the intent to posses the gun, and that he had the power to control the weapon. Accordingly, it is respectfully suggested that the instant claim be deemed lacking in merit.[5]

It is also suggested that Appellant's weight of the evidence claim also lacks merit. The standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's convict ion that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary

---

[5] Appellant's extreme nervousness manifested consciousness of guilt. See Commonwealth v. Hughes, 865 A.2d 761, 792 (Pa. 2004) ("The conduct of an accused following a crime, including 'manifestations of mental distress,' is admissible as tending to show guilt.") (quoting in part Commonwealth v. Homeyer, 94 A.2d 743, 747 (Pa. 1953) ("mental distress, fear at the time of or just before or just after discovery of the crime" are indicators of guilt)).

6

to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be give n another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004).

Applying the foregoing to the instant matter, the Court's verdict does not shock the conscience for the same reasons set forth above in the discussion of Appellant's sufficiency claim. The Commonwealth presented credible testimony that Appellant possessed a firearm without a license permitting him to possess a firearm on a public street of Philadelphia at a time when he was prohibited from doing so. Although Appellant was not observed placing the gun under the seat, the other evidence showing that he was nervous, the back seat upon which Appellant was sitting was unhooked and loose, and that the gun was found directly under him all caused this Court to conclude that the verdict did not shock the conscience. As noted in Commonwealth v. Conway, 14 A.3d 101 (Pa. Super. 2011), reargument denied (Mar. 16, 2011), appeal denied, 29 A.3d 795 (2011), "[i]n DNA, as in other areas, an absence of evidence is not evidence of absence." Thus, it is clear that this Court did not commit an abuse of discretion in

7

denying Appellant's weight claim and it is respectfully suggested that the decision to deny Appellant relief on his weight claim be affirmed.

In his final claim, Appellant asserts that it was an abuse of discretion to admit, over objection, evidence that during prior non-custodial interactions with Officer Stephan, Appellant did not appear nervous and acted normally. (N.T. 13-14, 27). The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Commonwealth v. Hernandez, 39 A.2d 406, 411 (Pa.Super. 2012), quoting Commonwealth v. Herb, 852 A.2d 356, 363 (Pa.Super. 2004). Pennsylvania Rule of Evidence 401 defines 'relevant evidence' as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

> Admissibility of evidence depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

Commonwealth v. Stallworth, 781 A.2d 110, 117 (Pa. 2001), citing Commonwealth v. Crews, 640 A.2d 395 (Pa. 1994); Commonwealth v. Bardo, 709 A.2d.871 (Pa. 1988).

The application of the foregoing establish that this Court did not commit an abuse of discretion by overruling Appellant's objection to the introduction of the evidence under review. The fact that Appellant exhibited nervousness that, in Officer Stephan's opinion, was out of the ordinary was relevant and admissible. As noted above, extreme nervousness establishes consciousness of guilt. Therefore, the fact that Appellant was extremely and unusually nervous

8

made his lack of such behavior when he was in Officer Stephan's presence previously relevant. Therefore, this Court did not commit an abuse of discretion and Appellant's claim should be deemed lacking in merit.[6]

## CONCLUSION

Based on the foregoing, it is respectfully suggested that the judgment of sentence entered in this matter against Appellant be affirmed.

BY THE COURT,

Date: 4/25/2017

Daniel D. McCaffery, J.

---

[6] In any event, the evidence of guilt was overwhelming and any error in allowing the admission of this evidence was harmless. See Commonwealth v. Dejesus, 880 A.2d 608 (Pa. 2005) (holding that because evidence of guilt was overwhelming, any error caused by admission of prejudicial evidence was harmless).

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery hereby certifies that on the 25th day of April, 2017, by first class mail, postage prepaid, a true and correct copy of the attached opinion was served upon the following:

Leo M. Mulvihill, Jr., Esquire
2424 East York Street-Suite 111
Philadelphia, Pa. 19123

Hugh Burns, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

James Molinari, Esquire

10